## JAMES GAFFNEY, AND THOMAS DONOHUE *v.* H. O. GOUGH, AND H: A. COBB.

DEMAND FOR STREET ASSESSMENT IN SAN FRANCISCO.—When more than one person, either by the original contract, or by assignment from the contractor, is interested in a contract for improving a street in San Francisco, the demand required by the statute for the payment of the assessment on a lot for improving the street, before the lot can be charged with a lien for the same, is sufficient, if made by one alone of the persons interested in the contract.

PERSONAL JUDGMENT FOR STREET ASSESSMENT.—A personal judgment cannot be rendered against the owner of a lot in San Francisco for a street assessment. The lot may be charged with a lien for the assessment.

CASES AFFIRMED.—*Taylor* v. *Palmer*, 31 Cal. 241, and *Coniff* v. *Hastings*, affirmed.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The defendants demurred to the complaint. The Court overruled over the demurrer, and the defendants declining to answer, judgment by default passed against them. From this judgment the defendants appealed.

The other facts are stated in the opinion of the Court.

*T. I. Bergin*, for Appellants.

*O. L. Lane*, for Respondents.

By the Court, SAWYER, C. J.

This is a suit for a street assessment in San Francisco. Gaffney was the contractor. He assigned one undivided half interest in the contract to the defendant, Donohue. After the assessment was made, and the warrant issued, Gaffney, the contractor, who still owned one undivided half of the amount due, made a personal demand upon defendants, in all respects as required by statute, if he was competent to make the demand. It is claimed, however, that he could not make a legal demand so as to charge defendants, because he only owned one half, and does not appear to have been the agent to collect the other half, or authorized to receipt

for it.   The statute says the contractor, or his agent, or assigns, shall call upon the persons so assessed, and demand payment of the amount assessed to each.   One of the persons designated did make the demand, and this, we think, is sufficient to establish the liability and charge the land with the lien.   The complaint is, therefore, sufficient in this respect.

The only other point made, is, that a personal judgment was rendered against the defendants.   In this respect there is error under the rule adopted in the cases of *Taylor* v. *Palmer*, 31 Cal. 241, and *Coniff* v. *Hastings*, decided at the present term.   And upon the authority of those cases the judgment must be modified by omitting the personal judgment against defendant, and limiting the relief granted to a sale of the lot upon which the assessment is made.

Ordered accordingly, and remittitur directed to issue forthwith.

Mr. Justice SANDERSON expressed no opinion.