## N. CONIFF v. S. C. HASTINGS.

PERSONAL JUDGMENT FOR STREET ASSESSMENT ERRONEOUS.—In an action for a street assessment in San Francisco, it is error to render personal judgment therefor against the owner of the lot assessed. *Taylor* v. *Palmer*, 31 Cal. 241, affirmed.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The defendant appealed.
The other facts are stated in the opinion of the Court.

*Cobb & Tevis*, for Appellant.

*C. H. Parker*, for Respondent.

By the Court, SPRAGUE, J.:

This is an action to recover a street assessment. We think the complaint sufficient.

There was a personal judgment against defendant for the amount of the assessment, and appellant claims that the judgment is, in this respect, erroneous, under the decision in *Taylor* v. *Palmer*, 31 Cal. 241. After a further examination, we adhere to the decision in that case. The judgment must, therefore, be modified so as to omit the personal judgment, and confine the relief granted to a sale of the lot upon which the assessment is made.

The District Court is directed to modify the judgment in accordance with this opinion, and remittitur directed to issue forthwith.

SAWYER, C. J., dissenting:

Action to recover a street assessment in San Francisco. The criticisms upon the complaint are verbal rather than substantial. I think it sufficient.

The only other objection is that there is not only a judgment for a sale of the land upon which the assessment is a charge, but also a personal judgment against the owner, and in the latter respect, under the decision in *Taylor* v. *Palmer*, 31 Cal. 241, there is error. The respondent, on the other hand, asks us to reconsider the case of *Taylor* v. *Palmer*. That is a recent decision by a divided Court, two of the five Judges dissenting.

The question is fully discussed in the several opinions in that case, and I am sure nothing can be added to strengthen the able opinion of the majority. Yet I am still unable to concur in the conclusion attained, for reasons fully stated in my dissenting opinions. (31 Cal. 666, 257.) The decision is recent, and no rights of property can have vested under it. As the principle involved is important, and as I conceive the rule adopted a departure from the practice everywhere else, from time immemorial, I think it should not be followed.

Under this view the judgment should be affirmed.