A. HIMMELMANN, Respondent, *v.* S. STEINER, Appellant

ASSESSMENTS FOR STREET IMPROVEMENTS IN THE CITY OF SAN FRANCISCO.—Assessments on lots for street improvements, in the City of San Francisco, to be valid, must be made to the true owner, if known; and if not, to "owners unknown."

IDEM.—It is the duty of the Superintendent of Streets, if, upon reasonable inquiry, he entertains doubts about the ownership of property to be affected by the assessment, to assess it to "owners unknown."

IDEM.—The statute prescribing the mode of making assessments does not require the Superintendent to act upon presumption or probabilities, nor upon implied or express notice of the existence of facts, in his determination of the question of ownership; neither does it require that he shall undertake to determine the question of ownership as between different parties or claimants. When, from any cause, a rational doubt may exist as to the fact of ownership, he cannot, in the sense of the statute, be held to know the fact, and then he is authorized, and

required, to assess the premises to owner "unknown," and to leave the risk and responsibility of ascertaining the party who holds the legal title, to the party interested in collecting the assessment by an enforcement of the lien.

STREET LAW OF SAN FRANCISCO—17TH SECTION OF.—The decision in the case of *Taylor* v. *Palmer* (31 Cal. 240), in effect, nullifies the entire 17th Section of the street law for said city. (*Taylor* v. *Donner*, 31 Cal. 482; *Smith* v. *Davis*, 30 Cal. 537, and *Smith* v. *Coffran*, 34 Cal. 316–17, cited and approved.)

APPEAL from the District Court of the Fourth District, City and County of San Francisco.

There was judgment for plaintiff, and defendant appealed.

The case is stated in the opinion.

*G. F. & Wm. H. Sharp*, for Appellant.

*R. P. & J. Clement*, and *Hale & Edmonds*, for Respondent.

SPRAGUE, J., delivered the opinion of the Court:

A re-hearing was granted in this case upon the single point as to the validity of the assessment to charge the lot upon which it was made and to create a lien thereon.

Upon the other points made on the original submission of the case, the Court is entirely satisfied with the decision heretofore rendered.

The assessment of the lot was not made to any person named as the owner thereof; but in the column headed "names of owners," and opposite the description of the lot in the assessment, the word "unknown" was entered by the Superintendent, so that the assessment, as made and recorded, implies that the name of the owner of the lot was not known to the Superintendent at the time he made the same. Section 9 of the San Francisco Street Law makes it the duty of the Street Superintendent, after the contractor of any street work has fulfilled his contract to the satisfaction of the Superintendent, or Board of Supervisors on appeal, to "make an assessment to cover the sum due for the work performed * * *, which assessment shall briefly refer to the contract, the work contracted for and performed, and shall show the amount to be paid therefor, together with the incidental expenses, if any, the rate per front foot assessed, the amount

of each assessment, the name of the owner of each lot, or portion of a lot, if known to the Superintendent; if unknown, the word 'unknown' shall be written opposite the number of the lot, and the amount assessed thereon," etc. (Stats. of 1862, p. 397.)

The answer in the present case alleges, as a defense, in substance, that "the defendant was, during all the time the work was progressing—when the lot was assessed—and still is the owner of the lot, and in the actual occupation thereof, and that during all said time said premises have stood of record in his name, and have been assessed to him on the books of the County Recorder and Assessor, and that the Superintendent had notice of such ownership and possession of defendant at the time of the making of said assessment."

In support of this allegation of the answer, the evidence—according to the settled statement contained in the record—established "that for three years prior to, and at the time of said assessment, and ever since, said property was substantially inclosed and a dwelling house thereon, which was occupied by said defendant."

Section 17 of the Street Law (Stats. 1862, p. 400), provides that "the person owning the fee, or the person in possession of lands, lots or portion of lots, or buildings under claim, or exercising acts of ownership over the same, shall be regarded, treated and deemed to be the 'owner' (for the purposes of this law), according to the intent and meaning of that word, as used in this Act; and in case of property leased, the possession of the tenant, or lessee holding and occupying under such person, shall be deemed to be the possession of such owner; and the person so defined to be the owner shall be personally liable for the payment of any charge or assessment lawfully made or assessed upon said lands, lots or portions of lots, by said Superintendent," etc.

The simple question now presented for review is, whether the assessment, as made, is valid or void, by reason of a failure of the Superintendent of Streets to comply with the law, in that he made the assessment to "unknown," instead

of to defendant by name. If this question is to be answered by reference to Section 9 of the Street Law above quoted—and this is the only section of the law which assumes to define the duty of the Superintendent in making the assessment prior to the time of attaching the same to the warrant —there would scarcely be room to doubt but that the assessment of the premises to ''unknown'' by the officer, is entirely conclusive of the question as to his knowledge of the name of the owner thereof, and that the assessment is valid and binding. But it is claimed that by Section 17, above quoted, the officer, although ignorant of the real owner in fee, is presumed to know who—if any one there be—is in the actual possession of the premises at the time of making the assessment, and, knowing that fact, it is his duty to ascertain, by proper inquiry, whether the person or persons so in the actual possession and occupancy of such premises are occupying under claim of title in themselves, or are exercising acts of ownership over the same without claim of title, or claim to occupy as the tenants or lessees of some other party claiming or without claim of title, and that, for the purposes of the assessments, and for all purposes under the law, the assessment must be made in the name of the real owner in fee, or to the person or persons in possession, claiming title in fee, or exercising acts of ownership without claim of title ; and in case the party in possession claims to hold such, as the tenant or lessee of some other party, then in the name of the party recognized as the landlord of the occupant.

Such an assessment would doubtless be effectual to charge the party, in whose name the premises were so assessed, personally, as contemplated by Section 17, but, clearly, would not be effectual to create a lien upon the premises as against the party holding the legal title, unless made to him by name as owner. If made to the party occupying the premises, claiming title, without holding the same in fact, or exercising acts of ownership without claim of title, or to a party in possession by his tenant, without title in fact, such assessment could only create a lien upon the interest of the party in whose name it was assessed, and on fore-

closure of such lien, and sale of the premises under decree of foreclosure, no other or greater interest or title would pass to the purchaser than was held by the party in whose name it was assessed; and the title and interest of the real owner in fee, to whom the property had not been assessed, would not be affected by such proceedings; hence, since the decision in the case *Taylor* v. *Palmer* (31 Cal. 240), nullifying that portion of the seventeenth section creating a personal liability by virtue of an assessment of premises for street improvement (which, in effect, nullifies the entire section), such an assessment as is now insisted upon by appellant as the only valid assessment, might, and doubtless in a majority of cases in the City and County of San Francisco would, be utterly useless and ineffectual as a means of defraying the expenses of street improvements. The only safe and effectual course to be pursued by the Street Superintendent in making his assessments, to render the same practically successful and efficient as a means of securing a valid lien upon premises liable to assessment, as against the real owner in fee, and thereby enable the party for whose benefit the assessment is made, to enforce payment, is to make the assessment in the name of the owner in fee, if known to him; and if not known to him — or if, after diligent inquiry, he entertains a rational doubt as to the name of the party in whom the legal title is vested—to assess the same to owner "unknown." This course has, by this Court, been frequently intimated as the only proper and safe course to secure a faithful and effectual administration and enforcement of the Street Law, particularly since the expenses of street improvements, by the decision in *Taylor* v. *Palmer*, is cast as a burden upon and charge against contiguous real estate, and cannot be imposed as a charge against or liability of individuals as owners, occupants or claimants thereof. As remarked in the case of *Taylor* v. *Donner* (31 Cal. 482): "When, from the fact that the title is in dispute, or from any other cause, it is impossible for the Superintendent to determine who is the owner, the statute expressly directs him to make his assessment against unknown owners, which is a very simple and easy method of avoiding all chances on the

question of ownership; and it is a little surprising that the Superintendent should studiously avoid resorting to so simple a mode of escape from all risk. We are unable to recall a single case brought to this Court where the assessment was made to unknown owners; and yet, as many of those cases prove the necessity of such an assessment, in order to make it legal and available to the contractor, is of frequent occurrence   *   *   *. We agree with counsel, that the validity of an assessment does not depend upon its being made against the owner; but we add that it does depend upon its being made against him either by name or by the designation of 'unknown,' as provided by the statute." (See, also, *Smith* v. *Davis,* 30 Cal. 537.)

Again, as illustrative of the necessity of making the assessment to owner "unknown," when the Superintendent, after due inquiry, entertains a rational doubt as to the name of the party in whom the legal title is vested, see the case of *Smith* v. *Coffran* (34 Cal. 316–17), where it is said by this Court: "Section 9 of the Act which provides for making street improvements in San Francisco   *   *   * prescribes what an assessment shall show, and among other things it 'shall show   *   .*   * the name of the owner of each lot or portion of a lot (if known to the Superintendent); if unknown, the word unknown shall be written opposite the number of the lot,' etc. There is no authority for making an assessment that does not embrace those essentials. There is no authority to make an assessment strictly *in rem* without reference to owners, either known or unknown, or an assessment that shall affect the interest of any party, unless designated in the assessment by name, or, if unknown, it be so expressly stated. This is a part of the mode prescribed. There are only two classes of cases in an assessment known to the statute—those where the parties are assessed as owners by name, and those where 'the name of the owner of the lot is stated as unknown'—not is unknown merely, but is so stated in the assessment. A demand must always be made in both these cases, either personally or upon the lot, depending upon the circumstances prescribed—but there is no provision for demand upon anybody else—upon anybody whose

name is not in the assessment, or stated thereon to be unknown, and for the reason, no doubt, that the statute does not contemplate that anybody else will be affected. Nobody except the person named as owner is a party to the assessment at all, unless the owner is stated as unknown, and one not a party to the assessment in one of the modes designated is in no way affected by it."

The statute does not provide that premises liable to assessment shall be assessed in the name of the party in the actual occupancy thereof, claiming the legal title, or to the party in whose name the same may appear of record in the office of the County Recorder, or to the one in whose name the premises may have been assessed for State and county taxes. All these facts may exist and the Superintendent have actual notice thereof, and still other facts may be within his knowledge tending to rebut and destroy the presumption of title which might be entertained from the existence of the former facts alone, in which case he might well and truthfully, and it would be his duty to say the name of the real owner is not known to him, and make and return the assessment to owner "unknown," and such action would be in strict compliance with the statute, and most essential and necessary to an enforcement of the assessment as a lien upon the premises as against the party who might, in fact, be possessed of the legal title. If then, as is well known, the facts of actual occupancy, claim of title and deed of record, are not conclusive evidence of legal title, and no assessment is effectual to create a lien upon lands as against the holder of the legal title unless it be made to such holder by name, or to owner "unknown," it is, most clearly, the duty of the Superintendent to make his assessment of land to owner "unknown," if, after reasonable diligence and inquiry to ascertain the name of the real party holding the legal title, he entertains a rational doubt as to the name of the real party holding the same, notwithstanding a well known person may be in the actual occupancy of the premises, and, in good faith, claiming to be the owner.

There is nothing in this record which, necessarily, tends to impeach the perfect good faith and truth of the Super-

intendent in making his assessment of the lot here sought to be charged to owner "unknown."

How can this Court, or any Court, rationally undertake to determine that the name of the party holding the legal title to particular lands in the City and County of San Francisco was, as a matter of fact, *known* to the Superintendent at a particular time, in opposition to his solemn official declaration that the name of such owner, at that time, was unknown to him? Before essaying such a task, Courts must be clothed with an attribute beyond human attainment, and the officer of the degree of whose mental illumination we assumed to judge and determine must be held to have, by a few days' unaided, individual exertion, acquired a perfection of wisdom in many instances unattainable by most vigilant private parties after many months' active effort; aided by all the efficient appliances of judicial investigation.

The statute prescribing the mode of making the assessment does not require the Superintendent to act upon presumptions or probabilities, nor upon implied or express notice of the existence of facts, in his determination of the question of ownership in fee, neither does it require that he shall undertake to determine the question of ownership, as between different parties or claimants; nor is he required to incur the risk of making the assessment in the name of a party not the holder of the legal title. When, from any cause, a rational doubt may exist as to the existence of the fact of ownership in any particular party, he cannot, in the sense of the statute, be held to know the fact, and then he is authorized and required to assess the premises to owner "unknown," and leave the risk and responsibility of ascertaining the party who holds or may have held the legal title to the party interested in collecting the assessment by an enforcement of the lien. The essential, important duty of the Superintendent in making the assessment is to conform strictly to the mode prescribed in Sections 9 and 10 of the Street Law, so as to create a lien upon the premises assessed as against the party at the time holding the legal title or his grantees, whoever they may be; and from aught that appears from the record, that duty was fully and efficiently performed in this case,

and the assessment is valid, and should be enforced as a lien upon the premises.

The practical importance, manifest propriety and necessity (since the assessment can only be made available to the contractor as a lien upon the premises assessed) of making such assessment to owner "unknown," in cases where the Superintendent does not, after proper inquiry, feel entirely satisfied as to the party in whom the legal title is vested, has frequently been recognized by this Court; and we fail to discover any injustice or hardship likely to result to the real owners and holders of the legal title who may be in the actual occupancy of premises and residing thereon, from an assessment of the same to owner "unknown." The party so the owner and in the actual possession of premises bordering on a street improvement certainly must be aware, during the progress of the work, of the nature and character of the improvement, and that his lot is liable to assessment and lien to pay a proportionate share of the expenses of such improvement; and by reasonable attention to his private interests he may easily learn the amount assessed upon his lot and discharge the lien without awaiting suit, whether the lot be assessed to him by name or to "unknown" owner.

Judgment and order denying new trial affirmed.

RHODES, J., dissented.