[No. 15305.   Department One.—September 11, 1893.]

JOHN FOLEY, RESPONDENT, *v.* JAMES A. BULLARD ET AL., APPELLANTS.

STREET ASSESSMENT—ASSIGNMENT AS SECURITY—DEMAND BY OWNERS.—Where a street assessment is assigned as security for indebtedness, the title to the assessment still remains in the assignors, and a proper demand by their agent in their name and behalf for the amount of the assessment is valid, even though the agent making the demand is also in fact the agent of the assignees.

ID.—AFFIDAVIT OF DEMAND—PROOF OF AGENCY.—An affidavit of demand stating that the person making it was at the time of making the demand the manager of the owners of it, and that he made the demand as such manager, is *prima facie* evidence of his character, as agent of the owners, which is not overcome by proof that he was at the same time the agent of assignees who held the assessment as security for indebtedness of the owners, and that he received the assessment warrant and diagram from them.

ID.—ACTION BY ONE OF TWO OWNERS—WAIVER OF DEFECT OF PARTIES.—Where an action to enforce the lien of a street assessment is brought in the name of one of two owners, who is a proper party plaintiff, objection to a defect of parties by non-joinder of the other owner is waived, if not taken by answer.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

*George D. Collins,* for Appellants.

*J. C. Bates,* for Respondent.

HARRISON, J.—Action to foreclose the lien of a street assessment.

The contract was awarded to Warren and Malley, who on December 26, 1889, assigned the same to Foley and Keenan, by whom the work was performed. The warrant and assessment were issued to Warren and Malley December 23, 1890, and delivered to Foley and Keenan. Foley and Keenan had assigned the contract to Lang and Ruggles June 2, 1890, as security for a loan of money then obtained from them, with which to complete the contract. The demand was made on the 24th of December, 1890, by John T. Foley, the son of the plaintiff, who in his return states that he "is the manager for Foley and Keenan, assigns for original contractors named in the assessment and warrant, and that with and by virtue thereof as such manager, he went upon the lot of land described in the complaint, and while thereon publicly demanded payment" of the amount assessed to said lot. At the trial he testified that at the time of the demand he had the assessment, warrant, and diagram with him, and had received them from Lang and Ruggles for that purpose.

It is objected by the appellant that, as at the time of the demand, the contract had been assigned to Lang and Ruggles, there was no authority in Foley and Keenan to make the demand, and that the demand by their agent was insufficient to preserve the lien. Section 10 of the act under which the improvement was made (Stats. 1885, p. 155) provides that the demand may be made "by the contractor or his assigns, or some person in his or their behalf." In *Gaffney* v. *Gough*, 36 Cal. 104, an undivided half of the contract had been assigned by the contractor, and the demand was made by the contractor alone. It was objected that he could not make a legal demand because he only owned one half of the contract and did not appear to have been the agent to collect the other half, but the demand was held sufficient.

The objection of the appellants herein is not directed so much to the "nature and character of the demand," which the statute requires to be stated in the return, as it is to the character of the person who made the demand, the point urged being that it appears from the return that the demand was made by the agent of Foley and Keenan, whereas the person making the demand was, in fact, the agent of Lang and Ruggles. We think, how-

ever, that it sufficiently appears that the demand was made "in behalf of" Foley and Keenan, even though the person making the demand was at the time the agent of Lang and Ruggles. Foley and Keenan were the assignees of the original contractors, and although they had assigned the assessment to Lang and Ruggles as security for their indebtedness, the title to the assessment still remained in them. (Civ. Code, sec. 2888.) John T. Foley was their agent, and in that capacity made a proper demand for the amount of the assessment. He had the assessment, warrant, and diagram with him at the time he made the demand, having received them from Lang and Ruggles for that purpose, and in his return states that he was, at the time of making the demand, the manager of Foley and Keenan, and made the demand as such manager. This affidavit was *prima facie* evidence of his character ( *Whiting* v. *Townsend*, 57 Cal. 515), and there is no evidence in the record that he was not their manager. His testimony at the trial, that he was the agent of Lang and Ruggles, is not inconsistent with the fact that he was, at the same time, the agent of Foley and Keenan.

The objection that the plaintiff has no title to the assessment, for the reason that it is derived merely through an assignment to him by Lang and Ruggles, who held it only as security, is without merit. As above stated, the title remained in Foley and Keenan, notwithstanding the assignment, and Lang and Ruggles were merely the pledgees thereof (Civ. Code, sec. 2987), with a lien dependent upon possession, and upon the re-assignment to the plaintiff this lien was terminated. (Civ. Code, sec. 2913.) As the assignment from Lang and Ruggles vested the plaintiff with no new right to the assessment, it may be disregarded. He was one of the assignees of the original contractors, and by virtue thereof properly made a party plaintiff herein. If the defendants would rely upon any defect or non-joinder of parties plaintiff, this objection should have been presented in their answer.

The judgment and order denying a new trial are affirmed.

GAROUTTE, J., and BEATTY, C. J., concurred.

Hearing in Bank denied.