[Sac. No. 2267.   Department One.—July 22, 1916.]

ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Respondent, v. RECLAMATION DISTRICT No. 404 et al., Appellants.

RECLAMATION DISTRICT—ASSESSMENT CANNOT BE COLLECTED BY ORDINARY ACTION TO RECOVER MONEY.—A reclamation district has neither the right nor power to collect a delinquent assessment by an ordinary action for the recovery of a personal judgment for money.

ID.—ENFORCEMENT OF ASSESSMENT—STATUTORY REMEDY EXCLUSIVE.—Assessments by such a district do not have the character of a tax so as to be collectible by execution or levy upon the general property of the owner of the land against which the assessment is made. The sole method of collection is that prescribed by section 3466 of the Political Code, and that method must be followed, and is the only remedy for the failure to pay the assessment when due. Even if the statute had provided that a personal judgment could be recovered, it would have been to that extent unconstitutional.

ID.—RAILROAD RIGHT OF WAY—STATE IS SOLE JUDGE OF REMEDIES ALLOWABLE TO ENFORCE ASSESSMENT.—The fact that the land assessed is part of the right of way of a railroad which the law does not authorize to be sold for a special assessment does not warrant the court in allowing the ordinary remedy of an action at law for the recovery of a personal judgment for the delinquent assessment, as the state is the sole judge of the remedies it will afford to the district to raise money with which to make improvements.

APPEAL from a judgment of the Superior Court of San Joaquin County.   J. A. Plummer, Judge presiding.

The facts are stated in the opinion of the court.

A. H. Ashley, for Appellants.

E. W. Camp, U. T. Clotfelter, and M. W. Reed, for Respondent.

SHAW, J.—The complaint in this case states a cause of action to annul an assessment levied by the reclamation district to pay the cost of certain reclamation work of the district.   The ground of the action was that for various reasons, not necessary here to mention, the assessment was invalid. Issues were formed, there was a trial by the court, and find-

ings of fact were made showing that the assessment was valid. As conclusions of law the court held that the assessment should not be annulled, but should be approved; that the same was a lien on the land against which it was assessed, but that defendants were not entitled to a personal judgment therefor against the plaintiff. Judgment was given accordingly, declaring the assessment valid and that the same constituted a lien on the land described, but "that the defendants have no other or further relief herein except the right to apply, and to act under, the provisions of section 3466 of the Political Code of the state of California; and that the said defendants be, and hereby are, remitted to said special proceedings provided for in said section for any and all other relief." The defendants appeal from the portion of the judgment above quoted. The individual defendants, it may be remarked, are the trustees of said reclamation district. The only question presented for decision upon the appeal is whether or not the reclamation district has the right and power to collect a delinquent assessment by an ordinary action for the recovery of a personal judgment for money.

Assessments of the kind here involved do not have the character of a tax so as to be collectible by execution or levy upon the general property of the owner of the land against which the assessment is made. Such assessments may be made upon the particular property because the improvement to be made with the money raised in that manner is presumed to benefit the property assessed to an amount at least equal to the charge against it. A reclamation district is an agency of the state, or local public corporation, for purposes of local improvement, similar in that respect to an irrigation district. That such a charge imposed by a local public corporation of that character is an assessment and not a tax was directly decided in *San Diego* v. *Linda Vista I. D.*, 108 Cal. 193, [35 L. R. A. 33, 41 Pac. 291]. The law, authorizing such assessments by reclamation districts, does not provide that the district may collect the same by ordinary judgment and execution against the person owning the land assessed. Section 3466 of the Political Code prescribes the method of collection, and as no other method is authorized, it follows that the method prescribed must be followed, and is the only remedy for the failure to pay the assessment when due. Even if the statute had provided that a personal judgment could be

recovered, it would have been to that extent unconstitutional. This was decided after elaborate discussion in *Taylor* v. *Palmer,* 31 Cal. 240, 254. The principle decided is that no property can be subjected to the burden of paying the cost of such local improvement except the property which is specially benefited thereby, and that to allow a resort to a personal judgment to enforce payment would, in effect, impose the burden upon property not benefited. The decision was adhered to in a number of cases immediately following it, and it has become a well-established rule. (*Beaudry* v. *Valdez,* 32 Cal. 269, 279; *Guerin* v. *Reese,* 33 Cal. 292, 296; *Gaffney* v. *Gough,* 36 Cal. 104; *Coniff* v. *Hastings,* 36 Cal. 292; *Himmelman* v. *Steiner,* 38 Cal. 179; *Gillis* v. *Cleveland,* 87 Cal. 217, [25 Pac. 351]; *Manning* v. *Den,* 90 Cal. 617, [27 Pac. 435]; *Santa Cruz etc. Co.* v. *Bowie,* 104 Cal. 286, [37 Pac. 934]; *Williams, Belser & Co.* v. *Rowell,* 145 Cal. 261, [78 Pac. 725].)

The appellants refer to the finding that the land in controversy is used by the plaintiff as a way upon which it has constructed and is maintaining and operating its railroad, and to the decisions of this court holding that a part of the easement or franchise of such railroad used for its right of way cannot be sold under a special assessment of this character. (*Southern P. R. Co.* v. *Workman,* 146 Cal. 80, [2 Ann. Cas. 583, 79 Pac. 586, 82 Pac. 79]; *Fox* v. *Work,* 155 Cal. 201, [100 Pac. 246]; *Miller & Lux* v. *Enterprise etc. Co.,* 169 Cal. 415, 429, [147 Pac. 567]; *Schaffer* v. *Smith,* 169 Cal. 764, 769, [147 Pac. 976].) They assert that the fee, subject to the easement, is worthless, and would bring nothing if sold separately. The court so found. Upon these premises they base the argument that the effect of the decision denying the right to a personal judgment is to deny to the district any remedy for an admitted right, and that, therefore, the court should, in such a case, allow the ordinary remedy of an action at law for the recovery of a personal judgment, or some equivalent thereof. The answer is that the state is the sole judge of the remedies it will afford to a reclamation district to raise money with which to make the improvements. If the state sees fit to withhold the means necessary to enable such district to collect an assessment, the courts are powerless to interfere. They can only enforce the remedies provided by

the law governing the subject. The statute does not expressly authorize the sale of a part of the right of way through a railroad for a special assessment, and, therefore, under the rule established by the cases above cited, such sale cannot be made. This is a matter of policy within legislative control, and it is for that body, and not for the courts, to authorize such sale to enforce payment. The court below could not do otherwise than render the judgment above quoted.

The judgment is affirmed.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.