[Civ. No. 2823. First Appellate District, Division One.—March 15, 1919.]

JAMES J. FLINN et al., Respondents, v. CHARLES ZERBE et al., Appellants.

[1] STREET LAW—IMPROVEMENTS UNDER PUBLIC CONTRACT—PERSONAL LIABILITY OF PROPERTY OWNER.—No personal liability can be constitutionally imposed upon a property owner for street improvement under a public contract, but the cost thereof may be imposed as a lien or charge upon the specific property benefited.

[2] ID.—SAN FRANCISCO CHARTER AND ORDINANCE—LIEN FOR IMPROVEMENTS.—Under section 33, article VI, chapter II, of the charter of the city and county of San Francisco, the board of supervisors had authority to enact, as they did in Ordinance No. 2439 (New Series), that the contractor performing street work thereunder should have a lien upon the property benefited by the improvement for the cost thereof.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. M. Anthony for Appellants.

Fabius T. Finch and Paul F. Fratessa for Respondents.

RICHARDS, J.—Plaintiffs brought this action to foreclose the lien of a street assessment upon certain lands of the defendants. It appeared upon the face of the complaint that the proceedings for the improvement of the street and the assessment of the lands of the defendants therefor were taken under the provisions of Ordinance No. 2439, N. S., of the city and county of San Francisco. The defendants demurred to

the complaint.   Their demurrer being overruled, they elected to stand upon it, and, accordingly, declined to answer, whereupon judgment was entered against them as prayed, decreeing a sale of the premises in satisfaction of the lien of the assessment.

In support of their appeal the defendants make but one contention, namely, that the board of supervisors of the city and county of San Francisco had no authority to enact, as they did, in Ordinance No. 2439, N. S., that the contractor performing street work thereunder should have a lien upon the property benefited by the improvement for the cost thereof.

This contention is based upon the appellants' construction of section 33, article VI, chapter II, of the municipal charter, which, so far as the question is concerned, provides as follows:

"The methods of procedure in this article provided for the improvement of streets . . . and for the assessment of the expense thereof . . . upon private property shall not be deemed exclusive, but the board of supervisors . . . may by ordinance substitute therefor any method of procedure in any general law of the state of California . . . providing for any such improvements in municipalities, and levying assessments for the expense or portion thereof upon private property; or the board may . . . adopt an ordinance . . . providing a method of procedure for such improvement and assessment . . . "

The ordinance under which the present work was done was adopted under the authority of the last part of this provision of the charter, and the point of the appellants' contention is that this authority to enact a method of procedure for the improvement of streets and of assessment for the cost thereof does not give to the municipal governing body the power to provide that the assessment shall be a lien upon the property assessed.

We think this contention unsound, both upon reason and authority.   [1]   It has been uniformly held in this state that no personal liability can be constitutionally imposed upon a property owner for street improvement under a public contract, but that the cost thereof may be imposed as a lien or charge upon the specific property benefited (*Taylor* v. *Palmer,* 31 Cal. 249; *Williams* v. *Rowell,* 145 Cal. 261, [78 Pac. 725]; *Atchison etc. Ry. Co.* v. *Reclamation District,* 173 Cal. 93, [159

Pac. 430]), and the power given to the board of supervisors to enact a method of assessment evidently contemplates an assessment of property rather than of the property owner. It will be noticed that by the section of the charter quoted the alternative is given to the board of supervisors either to adopt by ordinance any existing method of street improvement and assessment provided by the general law, or the method already provided in the charter of the city and county, or to enact a new one. Under the methods provided by the general law of the state and by the charter, an assessment for street improvement is made a lien upon the specific property benefited, and it is apparent that if the board of supervisors by ordinance had adopted any of those methods, such method would have been in force in the municipality not by virtue of its being a state law, but because of its enactment by ordinance. From which it follows that there is no legislative intent to be discerned in section 33, article VI, chapter II, of the charter, to exclude from the grant of power to the board of supervisors the ability to provide for a lien upon property in street improvement matters. The particular language employed in this section also leads to the same conclusion. It refers to the assessment provided for in general laws of the state and by the existing municipal charter (all of which are assessments upon property enforceable by sale thereof), and then says that the board of supervisors may by ordinance provide for "such" assessment, i. e., the kind of assessment just mentioned in the section.

The appellants' principal argument in support of their contention is based upon the definition of the word "assessment." They cite Cooley on Taxation (page 258) to the effect that "an assessment, strictly speaking, is an official estimate of the sums which are to constitute the basis of an apportionment of a tax between the individual subjects of taxation within the district. As the word is more commonly employed, an assessment consists of two processes, listing persons properly to be taxed, and of estimating the sums which are to be the guide of an apportionment of the tax between them." With this and similar definitions as a basis, they readily demonstrate by the citation of authority that the power to assess does not include the power to impose a lien. But here the assessment is not imposed upon the person, but upon the property, which necessarily includes a power to col-

lect the assessment by a sale of the property, and whether we speak of the method of enforcing the assessment as the foreclosure of a lien upon the property, or a sale of the property for the collection of the amount assessed, is immaterial, they evidently being the same thing.

[2] Turning to authority, we find that the power conferred by this section of the charter to enact a method of assessment has been construed by our supreme court as meaning an assessment carrying a lien upon the property assessed. In *Mardis* v. *McCarthy*, 162 Cal. 94, 101, [121 Pac. 389], an ordinance in all respects similar to the ordinance which we are here considering (that is, as to the imposing of liens), was under consideration, except that it provided for the boring of tunnels, instead of grading, paving, sewering, curbing, and sidewalking streets. The tunnel ordinance provided for the imposing of the burden of the cost of the work upon private property (that is, imposing a lien), and was authorized by the same section 33, chapter II, article VI, of the charter, as authorized the street improvement ordinance which we are now considering. In that case the delegation of the authority to the board of supervisors to adopt such ordinance was upheld, and the method of procedure provided in the ordinance for the assessment and collection of the cost of the improvement from the adjoining lands by lien was held to be within the scope of the charter authority.

In the case of *Hayne* v. *City and County of San Francisco*, 174 Cal. 185, [162 Pac. 625], the supreme court was considering the same ordinance as in the case just cited, passed, as we have seen, under the same authority as the one here construed. The objection that is now made was there advanced to that ordinance and was held not to be a valid objection.

We conclude, therefore, that the court did not err in overruling the defendants' demurrer to the complaint. The judgment is affirmed.

Waste, P. J., and Kerrigan, J., concurred.