[Civ. No. 4028.   Third Appellate District.—March 11, 1930.]

CITY OF MARYSVILLE (a Municipal Corporation), Appellant, v. WILLIAM FREEMAN et al., Respondents.

W. P. Rich and Rich & Weis for Appellant.

W. E. Davies for Respondents.

FINCH, P. J.—■■■   The complaint alleges and the court found that the defendants own three lots in the plaintiff city; that pursuant to ordinances of the city the defendants were duly notified "to repair and reconstruct" the sidewalk in front of said lots; that they failed and neglected to comply with the notice; that thereafter such proceedings were taken that the superintendent of streets let a contract "for the construction of said sidewalk . . . for the sum of $217.95"; that the contractor constructed the sidewalk in accordance with the contract; and that the plaintiff paid him the agreed price therefor.   This action is for the recovery of a personal judgment against the defendants for the amount so paid to the contractor.   Judgment was entered in favor of the defendants and the plaintiff has appealed therefrom.

A personal judgment against the defendants would become a lien on all their real property in the county, and could be made a lien on their lands in other counties and their personal property would be subject to sale under execution issued on such judgment, thereby imposing the burden of a local improvement upon all of such property, contrary to the principle on which an assessment for local improvements is based. "To say that the owner of land bordering upon an improved street can be made personally liable for the payment of the improvement is equivalent to saying that his entire estate, real, personal and mixed, whether bordering upon the street or remote from it, whether within the corporate limits or without, whether benefited or not, shall be held responsible for the tax, which, in turn, is equivalent to saying that his entire estate may be taxed for the improvement in direct contradiction of the very terms of the power." (*Taylor* v. *Palmer*, 31 Cal. 241, 255; *Barber* v. *Gallaway*, 195 Cal. 1, 10 [231 Pac. 34]; *City Street Imp. Co.* v. *Pearson*, 181 Cal. 640, 649 [20 A. L. R. 1317, 185 Pac. 962]; *Atchison, T. & S. F. Ry. Co.* v. *Reclamation Dist. No. 404*, 173 Cal. 91, 93 [159 Pac. 430]; *Federal Construction Co.* v. *Ensign*, 59 Cal. App. 200, 209 [210 Pac. 536]; *Flinn* v. *Zerbe*, 40 Cal. App. 294, 295 [180 Pac. 650]; 19 Cal. Jur. 194.)

The judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 10, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 8, 1930.