[Civ. No. 4054.  First Appellate District, Division One.—May 12, 1922.]

## MARCUS BLANCHARD, Appellant, v. SAMUEL M. HAIG, Respondent.

[1] ACCOUNTING—EVIDENCE—RELIEF PROPERLY DENIED.—In this action for an accounting based on an agreement under the terms of which the plaintiff furnished the stock and store for a jewelry business and the defendant acted as manager for one-half of the profits derived from sales, the court properly refused relief to both parties under the evidence from which it was impossible to ascertain the amount of goods sold or the prices obtained therefor.

APPEAL from a judgment of the Superior Court of Santa Clara County. W. A. Beasly, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. A. Blanchard for Appellant.

W. H. Johnson for Respondent.

TYLER, P. J.—This action was one brought to recover certain sums of money and other personal property of the value of $1,789.67, which it is alleged defendant received as agent of the plaintiff. Defendant, by answer, denied plaintiff's allegations, and by way of counterclaim alleged that plaintiff was indebted to him in the sum of $858.75. Relief was refused both parties and plaintiff appeals.

It appears from the record that on or about November 1, 1917, the parties hereto entered into an agreement whereby they undertook to operate a jewelry and repair-shop with defendant as manager. Plaintiff agreed to furnish the stock in trade and the store where the business was to be conducted, and to pay defendant for his services one-half of all the profits derived from sales. The trial court found, among other facts, that the total cost of merchandise purchased by plaintiff and furnished to defendant as manager, for the purposes of sale, amounted to the sum of $5,603.64. It further found that the total cost price of certain goods sold amounted to $1,584.36, and that an inventory of the merchandise on hand at the close of defendant's employ-

ment showed goods to the value of $2,229.61. Other findings are to the effect that the books kept by defendant did not show all of the sales made, and that both plaintiff and defendant sold merchandise not accounted for, and that in fact the books kept by the parties were inaccurate, for which reason the court found it was impossible to ascertain the amount of goods sold, the prices obtained therefor, or in any manner to arrive at a true account thereof, and accordingly judgment was denied both parties.

[1] Appellant contends that the conclusion of the trial court that plaintiff was not entitled to recover from defendant is against law and contrary to the facts and findings, for the reason that the effect of the findings is that defendant converted to his own use merchandise or cash to the extent of at least $1,789.67. We see no force in this contention. It appeared in evidence that both plaintiff and defendant at different times operated the store alone. It also was shown, by the testimony of defendant, that he was instructed by plaintiff not to make entries of all sales for the reason that he did not desire to pay an income tax to the government, as he was not responsible for the war. True, plaintiff denied that he made any such request, but however this may be, both plaintiff and defendant admit the making of sales which were not entered in the books. Under these circumstances the trial court could have come to no other conclusion than it did in finding that it was impossible to determine the true amount of goods sold, and what sum, if any, plaintiff was entitled to recover.

It is true that the trial court did find that the plaintiff sold $1,500 worth of merchandise, but other findings show that this amount did not indicate the full amount of sales. The findings are, therefore, not conflicting. So far as the record shows, both parties were in a position to bring about the claimed shortage of merchandise, and either or both of the parties may have been responsible for it. The evidence throws no light upon this subject. Under such circumstances relief was properly denied both parties.

The judgment is affirmed.

Kerrigan, J., and Knight, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 9, 1922, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 10, 1922.

All the Justices concurred, except Lennon, J., and Shurtleff, J., who were absent.

Richards, J., *pro tem.*, was acting.