[S. F. No. 2035.   Department One.—April 1, 1902.]

## KATHERINE T. BINGHAM, Appellant, v. M. THEO. KEARNEY, Respondent.

JUDGMENTS—CONCLUSIVENESS—MATTER INVOLVED IN ISSUES—PRESUMPTION.—A judgment between the same parties is conclusive as to the subject-matter in controversy in all other actions involving the same question, and upon all matters involved in the issues in the action upon which it is based which might have been litigated and decided in the case, the presumption being that all such issues were met and decided.

ID.—JUDGMENT FORECLOSING CONTRACT OF SALE—ACTION TO RESCIND AND RECOVER PAYMENTS.—A judgment in a former action foreclosing a contract of sale for default of the purchaser in payment of purchase money, which has become final, is conclusive against the right of the purchaser to maintain a subsequent action to rescind the contract of sale, and to recover back the purchase money paid.

APPEAL from a judgment of the Superior Court of Fresno County.   E. W. Risley, Judge.

The facts are stated in the opinion.

George E. Church, and H. H. Welsh, for Appellant.

L. L. Cory, for Respondent.

COOPER, C.—Appeal from judgment on judgment-roll and bill of exceptions.

The defendant, by special plea in bar, set up a former judgment, between the same parties, relating to the same subject-matter. In support of such plea the judgment-roll in the former suit was received in evidence, and the court below held it sufficient to sustain the plea, and hence ordered judgment for defendant. We have examined the evidence, and it fully supports the judgment and findings. On August 1, 1891, the plaintiff and defendant entered into a contract in writing for the purchase and sale of certain real estate; the defendant herein being the vendor and the plaintiff the vendee. The plaintiff having failed to make the payments under the said contract and to comply with its covenants as therein provided, the defendant commenced an action to foreclose the

right of plaintiff in and to the contract and the lands therein described. The plaintiff herein, who was defendant in the former action, filed her answer, and by such answer admitted the execution of the contract, denied that the plaintiff therein had duly performed the conditions of said contract on his part to be performed, and admitted that she had not paid any portion of the purchase price of said property in accordance with the terms of said contract, except the sum of nine hundred dollars and certain interest.

She further, in said answer, denied that anything was due the plaintiff in that action, and set forth affirmatively certain alleged fraudulent representations made by this defendant as to the quality of the land, the products that could be grown thereon, and stated that she relied upon said representations. She admitted that she entered into the sole and exclusive possession of the land under the contract, but denied that she had been in possession since the first day of February, 1896, at which date she alleged that she rescinded and abandoned the said contract. She also filed a cross-complaint in that case, which she withdrew during the trial. She prayed judgment, in her answer in said case, that the contract be rescinded, and that she recover the amounts paid thereunder with interest.

The case was tried, and this defendant, as plaintiff in said action, recovered a judgment against the present plaintiff, defendant therein, that he had duly complied with all the conditions of the said contract on his part, and that there was due and unpaid to him the sum of $8,500 on said contract, and that the sum of $2,181, being payments according to the terms of the contract, was due at the commencement of the action. The judgment in said action was entered April 2, 1898. The plaintiff herein did not appeal from the said judgment, and the same has long since become final. It had become final when the answer of defendant was filed setting it up as a bar.

The former action was between the same parties. It involved the same subject-matter—the contract concerning the sale of the land. The court in the former action had declared the contract valid, and that the defendant had the right to have it foreclosed and to be restored to the possession of the land. The present action is brought for the purpose of having the same contract rescinded and to recover the payments made

thereunder. The court, which in the former action declared the contract valid and the payments made thereunder forfeited, is asked in this action to declare the contract void, and that plaintiff may recover the payments made thereunder. It is the rule, long recognized in this country, that a judgment between the same parties is conclusive, not only as to the subject-matter in controversy in the action upon which it is based, but also in all other actions involving the same question, and upon all matters involved in the issues which might have been litigated and decided in the case, the presumption being that all such issues were met and decided. It is the policy of the law to put an end to litigation, and to aid the vigilant and not those who sleep upon their rights. It is not the policy of the law to allow a new and different suit between the same parties, concerning the same subject-matter, that has already been litigated; neither will the law allow the parties to trifle with the courts by piecemeal litigation. When plaintiff was brought into court by defendant in the former case, she certainly knew her rights. If she wished to rescind the contract, or if she had rescinded it, as she said in her answer she had done, then and there was the time to present her pleadings and evidence and insist upon all rights to which she was entitled under the law. If she could not get the award of the law upon the facts in the lower court, she could have appealed. She did not do so. She is now met by the presumption that all the facts and matters in controversy were disposed of in the former suit, and the further presumption that the judgment in the former suit is correct. If she failed to assert her claim properly, or to present the proper evidence in the first suit, she will not now be permitted in a second to litigate it. The principles herein stated are elementary. They are stated in the late case of *Quirk* v. *Rooney,* 130 Cal. 510.

This disposes of the only point discussed in the case.

The judgment should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed. Van Dyke, J., Garoutte, J., Harrison, J.