[L. A. No. 2206.  Department One.—February 13, 1909.]

EDWIN R. FOX, Appellant, v. W. H. WORKMAN, City Treasurer of the City of Los Angeles, etc., et al., Respondents.

STREET-IMPROVEMENT BOND—LIEN CLAIMED UPON RAILROAD RIGHT OF WAY—EASEMENT—LAND—ESTOPPEL BY JUDGMENT.—When a street-improvement bond is claimed as a lien upon a railroad right of way situated upon the part of the street improved, and a sale thereof was demanded, a former judgment in favor of the railroad company against both parties to this suit enjoining the sale of the railroad company's easement in its right of way is conclusive against the sale of such easement, but not against the sale of the fee of the land subject to the easement.

ID.—SPECIFIC DEMAND FOR LAWFUL SALE ESSENTIAL TO IMPOSE DUTY.—In order to impose any duty upon the city treasurer to sell land subject to the lien of a street improvement, there must be a specific and definite demand for the very act to which the bondholder is entitled, and nothing further.

ID.—EXCESSIVE AND UNLAWFUL DEMAND — UNTENABLE ACTION UPON TREASURER'S BOND.—When the only demand upon the city treasurer was that he should make a sale covering both the fee and the easement in the railroad right of way, a compliance with the demand would have been a violation of the injunction.  Such demand imposed no duty upon the city treasurer; and the holder of the street-assessment bond can maintain no action upon the city treasurer's bond for damages for refusal to comply with the excessive and unlawful demand.

APPEAL from a judgment of the Superior Court of Los Angeles County.  George H. Hutton, Judge.

The facts are stated in the opinion of the court.

L. M. Fall, for Appellant.

E. W. Camp, and L. R. Hewitt, for Respondents.

SLOSS, J.—This is an action brought to recover from the defendant Workman, as treasurer of the city of Los Angeles, and the sureties upon his official bond, damages in the sum of five thousand dollars for the refusal of Workman to comply with plaintiff's demand that he sell a certain tract of land in order to satisfy a street-improvement bond (Stats.

1893, p. 33), held by plaintiff and claimed by him to be a lien upon the land. Judgment was entered in favor of the defendants, and plaintiff appeals on the judgment-roll alone.

From the findings it appears that the bond, and the assessment upon which it was based, described the property as follows: "Commencing at the N. W. intersecting point of Avenue 33 and the right of way of the Southern California Railway Company; thence meandering in a northerly direction 9635′ to Avenue 50; thence along the S. line of Avenue 50, 62′, thence meandering in a southerly direction 9566′ to Avenue 33, thence W. 60′ along the N. line of Avenue 33 to beginning.

"Being the Southern California Railway right of way between Avenues 33 and 50."

Default having been made in the payment of both principal and interest, the plaintiff prepared and delivered to the city treasurer a written demand for the sale of the premises covered by the lien of said bond and the form of an advertisement for such sale. In accordance with this demand the city treasurer caused the advertisement to be published. Plaintiff demanded that, at the time fixed for sale, the property described in the advertisement be offered for sale and sold. The defendant Workman, however, failed and refused to offer or to sell said property or any part thereof, and has ever since continued to refuse to offer said property for sale. The court finds that a certain amount is due on the bond and that plaintiff has incurred certain expenses for attorney's fees and court costs. In response to an issue raised by a separate defense of estoppel by judgment, there is a finding as follows: An advertisement identical with the one above mentioned, so far as relates to said bond, and excepting the date of sale, was published December 18, 1901, and thereupon on about the eleventh day of January, 1902, the Southern California Railway Company, a corporation, as plaintiff, brought an action in the superior court against W. H. Workman, as treasurer of the city of Los Angeles, state of California, and E. R. Fox, defendants, to restrain defendants from selling said property, and in the complaint in said action filed, said railway company prayed judgment, among other things, that said bond be decreed to be void. In said action said Workman and Fox entered their appearances,

and on or about May 9, 1902, a final judgment was entered, in which, after reciting that the defendants had defaulted after their demurrer had been overruled with leave to answer, and that all of the allegations of the complaint were true, it was ordered, adjudged, and decreed that said defendant Workman, as city treasurer of the city of Los Angeles, his deputies, agents, etc., be and "each of them are hereby forever restrained and enjoined from selling or attempting to sell, any part or portion of plaintiff's right of way, in said complaint and hereinafter described, for the purpose of satisfying the bond in said complaint mentioned and referred to, or any part thereof; and it is further ordered, adjudged and decreed, that said bond above mentioned, and in said complaint referred to, is absolutely void and of no force and effect as a lien upon the right of way of the plaintiff above mentioned, and hereinafter described, or any portion thereof."

An appeal was taken from said judgment to this court, and upon said appeal the judgment was affirmed.

From these findings the court drew the conclusions of law that the plaintiff should take nothing by the action and that the defendants are entitled to judgment against the plaintiff for their costs. The decision of the case turns upon the effect of the judgment in Southern California Railway Company *v.* Workman and Fox. As is stated in the findings, defendants in that action appealed to this court. The decision affirming the judgment is reported in 146 Cal. 80, [79 Pac. 586, 82 Pac. 79]. The contention of the appellant is that all that was determined in that case was that the right of way, i. e., the easement, of a railroad corporation could not be assessed and sold to defray the cost of street-improvement work, whereas the only thing demanded of defendant Workman in this case was, it is claimed, that he sell, not this right of way, but the fee, subject to the easement. If it were true that the demand here made was that such fee, separate and apart from the easement, be sold, there would be much force in appellant's position. In the opinion of the court in the former case it is said that "it is not necessary to decide in this case as to whether or not the fee or reversion in the land can be assessed. . . . It is sufficient to say that this proceeding is for the purpose of enjoining a sale of plaintiff's right of way—that is to

say, its easement. The judgment is, that the bond is void as a lien upon plaintiff's right of way, and that defendant be enjoined from selling 'any part or portion of plaintiff's right of way, in said complaint, and hereinafter described.' If the defendants do not intend to sell the plaintiff's easement, but only the subordinate estate, the judgment is not in any way injurious to them."

The court did not, therefore, in the former decision, determine that the fee, subject to the easement, could not be, or that it had not been assessed. The judgment there affirmed merely declared that the bond created no lien upon the right of way. It could not bar plaintiff's right to have the fee, subject to such easement, sold.

If plaintiff had, after the decision of the earlier case, made a demand for such sale, he would have been asserting rights that had not yet been litigated. But this he did not do. Only one demand—that of December 18, 1901—is averred by plaintiff. This demand was the foundation of both advertisements, the one of December, 1901, which led to the injunction suit, and the one of August, 1906, under which the treasurer refused to sell. The advertisements, except as to date, were in the same words. Now, while the judgment in Southern California Railway Company *v.* Workman did not adjudicate that the fee, subject to the easement, could not be sold to satisfy the bond, it certainly did determine that the sale which Workman, pursuant to Fox's demand, had announced his intention of making, was a sale of more than this fee, and included the easement of the railway company. The opinion of the court states that "it was evidently the intention to assess and sell the right of way as described by metes and bounds in the assessment." If such easement had not been included in the proposed sale, there would, under the views expressed by the court regarding a sale of the fee, have been nothing to enjoin.

We find, then, that what the plaintiff in this case demanded of the treasurer was exactly what he had demanded of him in 1901—that he make a sale covering both the fee and the easement. The latter the treasurer had no right to sell, and had been enjoined from selling by a judgment binding upon this plaintiff. A compliance with the demand would have been a violation of the injunction.

The making of a demand in writing that the treasurer sell the property claimed to be subject to the lien was, under section 5 of the statute providing for the issuance of street-assessment bonds, a condition precedent to the plaintiff's right to have such property sold. (Stats. 1893, p. 36.) Where a demand must be made in order to impose a duty on a public officer, it is settled that a *mandamus* will not issue unless there has been a specific and definite demand for the performance of the very act to which petitioner is entitled. (19 Am. & Eng. Ency. of Law, 2d ed., p. 761; *Price* v. *Riverside L. & I. Co.,* 56 Cal. 431; *Douglas* v. *Chatham,* 41 Conn. 211; *State* v. *Davis,* 17 Minn. 429.) The reason for this rule applies as well to an action against a public officer for damages for the violation of an official duty. "The party suing must show a plain duty violated" (Mechem on Public Officers, sec. 667), and, where the duty arises only upon the making of a demand, such demand must be for the precise thing which it was the officer's duty to do. Here the plaintiff, having at most a right to compel the sale of the fee, subject to the easement, made a demand for a sale of property described in terms covering both fee and easement. The officer was justified in refusing to comply with this excessive demand, and no liability for damages accrued upon such refusal.

The judgment is affirmed.

Angellotti, J., and Shaw, J., concurred.

Hearing in Bank denied.