### ATCHISON, T. & S. F. RY. CO. v. NELSON.

(Circuit Court of Appeals, Ninth Circuit.  February 1, 1915.)

No. 2406.

JUDGMENT ⬤�270725—CONCLUSIVENESS—EFFECT AS EVIDENCE.

   Code Civ. Proc. Cal. § 1908, provides that a judgment in respect to matters directly adjudged is conclusive between the parties and their successors in interest, litigating for the same thing under the same title and in the same capacity, provided they have notice of the pendency of the action. Section 1909 declares that other judicial orders of a court or judge of the state or of the United States create a disputable presumption according to the matter directly determined between the same parties and their representatives or successors in interest by title subsequent to the commencement of the action or special proceeding, litigating for the same thing under the same title and in the same capacity. Section 1910 declares that the parties are deemed to be the same when those between whom the evidence is offered were on opposite sides in the former case, and a judgment or other determination in that case could have been made between them alone, though other parties were joined with both or either. *Held*, that the clause of section 1910, "and a judgment or other determination could in that case have been made between them alone," relates to and qualifies section 1909, but not section 1908, and hence a judgment in favor of a husband and wife in an action against a carrier for injuries to the wife was conclusive of the carrier's negligence, and that it was the proximate cause of the injury, in a subsequent action by the husband alone for loss of the wife's services, medical expenditures, etc., because of the same accident.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1255–1257; Dec. Dig. ⬤�270725.]

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Frank H. Rudkin, Judge.

---

Action by A. H. Nelson against the Atchison, Topeka & Santa Fé Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

The defendant in error recovered in the court below a judgment against the plaintiff in error for damages on account of moneys expended for services of doctors and nurses, and the cost of drugs and medicine and hired help, and for the loss of services of his wife, all growing out of an injury suffered by his wife while she was a passenger on one of the cars of the defendant in error. The complaint alleged that prior to the commencement of the action the defendant in error and his wife had sued the same defendant for the injuries to her person suffered by the wife in the accident which is referred to in the case at bar. The plaintiff set out the pleadings and judgment in the former case, and pleaded the judgment roll in that action as res adjudicata, and as conclusive upon and an estoppel in respect to all issues in the case at bar concerning the negligence of the defendant and the effect of the negligence of either of said parties as the proximate cause of the injury complained of, and averred that upon the strength of that judgment it should be adjudged and determined that the defendant was guilty of negligence which was the proximate cause of the injury complained of, and that the plaintiff was not guilty of any want of ordinary care or negligence which contributed to the injuries to his wife. The answer alleged that the plaintiff's wife had been guilty of negligence which was the proximate cause of her injuries, and denied that the judgment roll in the former case was res adjudicata, or conclusive, or estoppel, in respect to any issues in the present case. On the trial the judgment roll was introduced in evidence over the objection of the plaintiff in error, and the defendant in error offered evidence of the amount of damages and rested. The defendant introduced no evidence. The court instructed the jury that the judgment roll was conclusive on the question of the use of due care on the part of the plaintiff's wife, and conclusive that the negligence of the defendant was the proximate cause of the injury both to the plaintiff's wife and to the plaintiff in the present case, and that the jury must find for the plaintiff in some sum.

U. T. Clotfelter, A. H. Van Cott, M. W. Reed, and E. W. Camp, all of Los Angeles, Cal., for plaintiff in error.

Gray, Barker & Bowen, of Los Angeles, Cal., for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). It is conceded by both parties to the action that the judgment in the former case should be given in the present case the same effect as evidence which it would have had, had it been rendered by a court of the state of California and offered in evidence in a court of that state. We turn, therefore, to the Code of California and the decisions of the Supreme Court of that state to ascertain what is the effect of such a judgment as evidence in a case such as that which is here under review. The provisions of the Code are as follows:

"Sec. 1908. The effect of a judgment or final order in an action or special proceeding before a court or judge of this state, or of the United States, having jurisdiction to pronounce the judgment or order, is as follows: * * *

"2. In other cases, the judgment or order is, in respect to the matter directly adjudged, conclusive between the parties and their successors in interest by title subsequent to the commencement of the action or special proceeding, litigating for the same thing under the same title and in the same capacity, provided they have notice, actual or constructive, of the pendency of the action or proceeding.

"Sec. 1909. Other judicial orders of a court or judge of this state, or of the United States, create a disputable presumption, according to the matter

directly determined, between the same parties and their representatives or successors in interest by title subsequent to the commencement of the action or special proceeding, litigating for the same thing under the same title and in the same capacity.

"Sec. 1910. The parties are deemed to be the same when those between whom the evidence is offered were on opposite sides in the former case, and a judgment or other determination could in that case have been made between them alone, though other parties were joined with both or either."

In Ferrea v. Chabot, 63 Cal. 564, 567, the court said:

"These sections of the Code are merely declaratory of the common-law rule, that the judgment of a court of competent jurisdiction, directly upon the point, is as a plea a bar, or as evidence conclusive, between the same parties, upon the same matter directly in question in another court."

In Cook v. Rice, 91 Cal. 664, 27 Pac. 1081, in an action against a husband and wife to recover damages for an alleged trespass upon public land in the possession of the plaintiff, who claimed as a pre-emptioner, and to enjoin further trespasses, to which the answer of the defendant alleged that the wife claimed no interest in the land and that her acts were those of a member of the family of the husband and in privity with his title, it was held that it was proper to admit in evidence on behalf of the defendants the judgment roll in a former action of ejectment of the plaintiff against the husband, wherein it was adjudged that the plaintiff was entitled to the possession only of a small inclosure of the land not trespassed upon by the defendants, and that the plaintiff was not possessed or entitled to the possession of any part of the lands entered upon by the defendants. The court said:

"It was objected that it was not between the same parties. Substantially it was between the same parties. Mrs. Rice made no claim to the land, and all she did was under the claim of her husband. Had she, by her acts, taken possession, the right, if any, thus acquired would have been common property, and the right to control and manage in her husband."

In Woolverton v. Baker, 98 Cal. 628, 33 Pac. 731, the court said:

"The plea of res judicata applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties," by employing "reasonable diligence, might have brought forward at the time."

And in Reed v. Cross, 116 Cal. 473, 48 Pac. 491, the ruling was the same, and the court held that a judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties or their privies, whenever the existence of that fact is again an issue between them, not only when the subject-matter is the same, but when the point comes incidentally in question in relation to a different matter, in the same or any other court, except on appeal or other proceeding provided for its revision.

Again in Lamb v. Wahlenmaier, 144 Cal. 91, 77 Pac. 765, 103 Am. St. Rep. 66, which was an action brought upon a contractor's bond against the contractor, Wahlenmaier, and his surety, to recover amounts paid by the plaintiff in discharge of liens in excess of the contract price for constructing a building, to which the defendants in the case pleaded in bar a judgment in a previous action brought alone by the contractor

against the owner to recover under the contract, in which the same questions were litigated as in the case of the owner against the contractor and his surety, the court said:

"The defendants herein have pleaded the judgment in that action in bar of plaintiff's right of recovery. The superior court held that it was a bar in favor of Wahlenmaier, but not in favor of the surety company, and rendered judgment against the latter and in favor of the plaintiff for $691. The surety company has appealed. The rule formulated by Lord Chief Justice De Grey in the Duchess of Kingston's Case, and frequently repeated in other cases, that 'the judgment of a court of concurrent jurisdiction directly upon a point is as a plea a bar, or as evidence conclusive, between the same parties upon the same matter directly in question in another court,' has been substantially reproduced in section 1908, subd. 2, of the Code of Civil Procedure of this state. The estoppel thus created is not limited to an action which is identical in form with the former action, or where the same parties are plaintiff and defendant in each of the actions, but may be invoked whenever, in the second action, the parties are in privity with the parties to the first action and the same issue is presented for determination which was determined in the former action. As between the parties to the action the judgment therein is an estoppel as to all matters which are actually and necessarily included in the judgment."

The common-law rule thus adopted by the Code and construed by the statutes of the state is found expressed in the decisions of the courts of other states, notably in Lindsey v. Town of Danville, 46 Vt. 144, a case very similar in facts to the case at bar; also in Southern Pacific Railroad v. United States, 168 U. S. 1, 48, 18 Sup. Ct. 18, 42 L. Ed. 355.

The plaintiff in error refers to the following words in section 1910:

"And a judgment or other determination could in that case have been made between them alone"

—and argues that because a judgment in the first action could not have been rendered for the husband alone, but must have been a joint judgment in favor of both husband and wife, the statute precludes the introduction of such a judgment as evidence in the case at bar. But, upon examining the sections which precede section 1910, it will be seen that the language so quoted from that section relates to and qualifies section 1909, and not 1908. The decisions of the Supreme Court above quoted must necessarily have so construed the statutes.

The plaintiff in error cites Walker v. Philadelphia, 195 Pa. St. 168, 45 Atl. 657, 78 Am. St. Rep. 801, and Womach v. St. Joseph, 201 Mo. 467, 100 S. W. 443, 10 L. R. A. (N. S.) 177, 119 Am. St. Rep. 781, 9 Ann. Cas. 1161. In the first of those cases it was held that where a wife, with her husband as a nominal party, but in her own right, has recovered a judgment for personal injuries, the husband cannot, in a second suit to recover for loss of his wife's services by reason of the same injuries, introduce in evidence as conclusive of the defendant's negligence the record of the former suit, for the reason that that record is res inter alios acta, and not admissible as evidence. But that decision was based upon the statute of the state, which declared the right of action for wrong done to a wife to be her separate property. The court held that by virtue of that act her husband could not control or interfere with the conduct of the suit. The court said:

"It was the wife's claim that was litigated; the judgment was obtained in her right, and it was exclusively hers. Identity of subject-matter, in whole or in part, and identity of parties in interest, must unite, to render a deposition in one case admissible in another."

In Womach v. St. Joseph a similar decision was made, based on similar reasons. The court pointed to the statute, which it said had made a radical change, in providing that the damages sued for by the wife shall be and remain her separate property and under her separate control, and further providing that she shall be deemed a feme sole, and may sue or be sued at law or in equity, with or without her husband being joined. The essential difference between those cases and the case at bar is that although the Code of California, as it was prior to the change made in 1913, was held to require that an action for personal injuries to the wife must be brought in the name of the husband and wife, and that an action for consequential injury to the husband, such as expenses incurred by reason of her injury and the loss of her services to the husband, must be brought in the name of the husband alone (Tell v. Gibson, 66 Cal. 247, 5 Pac. 223), the judgment recovered in either case was community property, and by reason of that fact the wife was in privity with the husband and an actual party to each suit. McFadden v. Santa Ana, etc., Ry. Co., 87 Cal. 464, 25 Pac. 681, 11 L. R. A. 252; Lamb v. Harbaugh, 105 Cal. 680, 39 Pac. 56; Martin v. Southern Pacific Co., 130 Cal. 285, 62 Pac. 515.

It follows that there was no error in the ruling of the court below. The judgment is affirmed.