[L. A. No. 8384. In Bank.—May 15, 1928.]

HANNAH MINNIS, Administratrix, etc., Respondent, v. THE EQUITABLE LIFE ASSURANCE SOCIETY, etc., (a Corporation), Appellant.

Newlin & Ashburn, W. C. Mathes and A. W. Ashburn for Appellant.

Clark & Law for Respondent.

LANGDON, J.—This action was brought to recover on a life insurance policy issued by defendant to Emil Lesser, plaintiff's intestate. From a judgment entered on a verdict in plaintiff's favor for the sum of $1,950.40, defendant has appealed.

Defendant issued the life insurance policy on February 12, 1894, upon the life of Emil Lesser in the sum of $3,000. Lesser paid the annual premium up to and including the premium due on February 9, 1915, and no payments of premiums were made since that date. On January 30, 1914, Lesser borrowed from the defendant the sum of $987, to be

repaid on February 9, 1915, with interest at five per cent, and assigned the policy as collateral security for the loan. On February 9, 1916, defendant declared the policy lapsed for nonpayment of premium and, pursuant to its terms, converted it into a paid-up policy of $1,764. On April 5, 1919, defendant foreclosed the policy for nonpayment of the principal and interest of the loan, the amount of the principal sum of the loan and accrued interest totaling at that time a sum slightly in excess of the paid-up value of the policy.

In 1915, Emil Lesser disappeared, having been seen last at Venice, on November 2, 1915. On that day he went down to the ocean with the expressed intention of going in bathing. He was seen last dressed in his street clothes, within a few feet of the bathing house, talking and laughing with another man. On that evening his clothes and jewelry were found in the bathhouse. The body was never recovered and inquiries made in this and other states revealed no trace of him.

On April 10, 1916, defendant was notified that Emil Lesser was dead and was offered proofs of death in the form of affidavits as to the facts surrounding the disappearance of insured.

On August 31, 1916, the defendant having refused to pay the claim, an action was brought in the superior court of Los Angeles county by Alice Lesser, the surviving wife, as administratrix of the estate of Emil Lesser, deceased, against defendant to recover the sum of $3,000 upon the policy. The complaint alleged that Emil Lesser had been drowned while bathing in the ocean at Venice, on November 2, 1915, and the answer denied that Lesser was dead. After a trial lasting for five days, in which proof of death was sought to be made by circumstantial evidence, the trial court made a finding: ''That it is not true that on the 2nd day of November, 1915, or at all, the said Emil Lesser was accidentally, or at all, drowned . . . that the plaintiff has failed to prove by a preponderance of the evidence that said Emil Lesser is dead and the court therefore finds that the said Emil Lesser is not dead. . . . ''

Judgment was entered in accordance with this finding and no appeal therefrom was taken.

On April 12, 1923, after the expiration of seven years from the date of Lesser's disappearance, the present action

was commenced by Hannah Minnis, who succeeded Alice Lesser as administratrix, against defendant for the face value of the policy. The complaint alleged the facts with reference to the disappearance, and then stated, on information and belief, that Lesser died upon the second day of November, 1915. The answer denied these allegations and pleaded the former judgment as a bar to a recovery in this action. The trial court ruled against the defendant upon its plea of *res judicata* and the jury returned a verdict for the plaintiff for the face value of the policy, less the amount of the loan thereon with accrued interest.

The important contentions made upon appeal are: That the former judgment was a bar to any future legal determination that Lesser died on November 2, 1915, or at any other date prior to the commencement of that action and that a finding that Lesser died some time between the date of the first judgment—February, 1919—and the date of the second judgment would be unavailing, because the policy had lapsed for nonpayment of premiums on February 9, 1916, and, thereafter, became a paid-up policy for $1,764, subject to a lien for the amount of the loan made upon it by the company, and that even this small balance could not be recovered unless it could be specifically found that the death occurred between February, 1919, and April, 1919, when the lien upon the policy was foreclosed by the company. At the time of the foreclosure of said lien, the surrender value of the policy was slightly less than the amount of the lien, leaving no equity in the plaintiff.

We are of the opinion that these contentions are well founded and that the judgment is conclusive upon the parties with reference to the period of time upon which it speaks. That judgment decided that Lesser did not die on November 2, 1915, nor at any time prior to the filing of the complaint therein, which was in August, 1916.

The rule is well established that a former final judgment between the same parties to an action is conclusive in all subsequent actions involving the same questions, not only as to matters actually decided in the former controversy, but as to all matters belonging to the subject of the controversy and properly within the scope of the issues, which also might have been raised and decided. (*Bingham* v. *Kearney*, 136 Cal. 175 [68 Pac. 597]; *Rucker* v. *Langford*,

138 Cal. 611 [71 Pac. 1123]; *Lamb* v. *Wahlenmaier*, 144 Cal. 91 [103 Am. St. Rep. 66, 77 Pac. 765]; *Southern Pacific Co.* v. *Edmunds*, 168 Cal. 415 [143 Pac. 597]; *Erving* v. *James H. Goodman & Co. Bank*, 171 Cal. 559 [153 Pac. 945]; *Whittier* v. *Visscher*, 189 Cal. 454 [209 Pac. 23]; *Estate of Clark*, 190 Cal. 360 [212 Pac. 622].)

Conceding that plaintiff was not barred from establishing, if she could, that Lesser died at any date between August, 1919, and April, 1923, when the second action was brought, we are met with two difficulties: The presumption of death arising after seven years' absence, does not arise until the end of the seven-year period. (*Ashbury* v. *Sanders*, 8 Cal. 62 [68 Am. Dec. 300]; *Solomon* v. *Redona*, 52 Cal. App. 300 [198 Pac. 643]; *Rogers* v. *Manhattan Life Ins. Co.*, 138 Cal. 285 [71 Pac. 348]; *Benjamin* v. *District Grand Lodge*, 171 Cal. 260 [152 Pac. 731]; *Western Grain Co.* v. *Pillsbury*, 173 Cal. 135 [159 Pac. 423]; *Lesser* v. *New York Life Ins. Co.*, 53 Cal. App. 236 [200 Pac. 22]; *McCormick* v. *Woodmen of the World*, 57 Cal. App. 568 [207 Pac. 942].) The rule would be otherwise, if there were circumstances in evidence to "quicken" the time, but the only circumstances in evidence in the case at bar that might be said to "quicken" the time, are those with reference to the date of November 2, 1915, but such circumstances are of no avail to plaintiff in this action, for, as we have seen, the former judgment adjudicates that Emil Lesser was alive on that date. The presumption of law arising from the seven years' absence, therefore, can have no other effect than as evidence that Lesser was not dead at the expiration of the seven years, to wit, November 2, 1922. Therefore, if the complaint in the present action be considered as stating a new cause of action, arising since the commencement of the former action, such new cause of action could not have arisen prior to November 2, 1922, and on that date the said policy of insurance was not in force. The policy had lapsed on February 9, 1916, because of nonpayment of premiums; was never thereafter revived by payment of any premium whatever, and was foreclosed by defendant on April 5, 1919, and the proceeds applied to the payment of the principal and interest due upon the loan made to Emil Lesser.

The judgment is reversed.

Seawell, J., Richards, J., Curtis, J., Conrey, J., *pro tem.*, Houser, J., *pro tem.*, and Works, J., *pro tem.*, concurred.