[L. A. No. 8641. In Bank.—December 31, 1928.]

ROBERT WALTER HENDERSON et al., Respondents, **v.** N. MIGLIETTA, Appellant.

Walter B. Byrne and Emery B. Tyler for Appellant.

Albert Sidney Brown and Isaac Jones for Respondents.

PRESTON, J.—An extended opinion does not seem to be required in the determination of this appeal as the plea of *res judicata* must be sustained and the action dismissed.

Plaintiffs, as the owners of certain real property, executed a note and deed of trust thereon to the defendant, who thereafter, upon due and regular proceedings had, caused the said trust to be foreclosed and the premises sold, de-

fendant becoming the purchaser at such sale. Thereafter he brought an action against the present plaintiffs for possession of said property, then in the possession of plaintiffs. Plaintiffs here answered, denying the right of possession in the present defendant and setting up certain points of misrepresentation alleged to have been the inducement for the execution of said deed of trust. In said action defendants (plaintiffs here) also filed an "amended answer" in the nature of a cross-complaint, setting up in detail almost the identical facts and certainly the identical issue tendered by the present complaint, to which plaintiff (defendant here) answered, putting the material allegations thereof in issue. Without objection a complete trial of all issues on the merits was had. Findings were made sustaining the allegations of the complaint in said former action and declaring untrue all the averments of fraud or deceit alleged by defendants (plaintiffs here) in their answer and cross-complaint, and judgment was given following the prayer of the complaint. This judgment became, ever since has been and now is final. During the pendency of said former action, however, the present action was instituted, plaintiffs here setting up in substance and almost in identical language the same averments of fraud and misrepresentation found in said cross-complaint in said former action. Defendant here pleaded said former judgment as *res judicata*. The court below overruled this plea and sustained the allegations of plaintiffs, making findings of fact and conclusions of law in their favor and giving judgment accordingly. Defendant has appealed.

The complaint in the former action between the parties might properly have been styled a complaint either in unlawful detainer, ejectment or to quiet title. Plaintiff there, being out of but entitled to possession, had an election of either of these remedies (*Universal Milk Co.* v. *Wood,* 205 Cal. 751 [272 Pac. 745]). No reason exists for characterizing the former action simply as an action in unlawful detainer, in which event a cross-complaint would not be proper. Without objection the answer setting up affirmative matter and the cross-complaint filed in said former action were considered as a part of the issue tendered (sec. 580, Code Civ. Proc.; *Baar* v. *Smith,* 201 Cal. 87 [255 Pac. 827]). The

court therefore had the fullest power in said former action to give the identical relief given by the court in this action and expressly declined to do so, giving a contrary judgment instead. The former judgment is therefore *res judicata* as to such issue and an extended citation of authority is unnecessary. (See the recent case of *Price* v. *Sixth District,* 201 Cal. 502 [258 Pac. 387].) ▮ As long as the issue was the same in both actions, the presence or absence of probative facts in support of it in the one cause or the other is immaterial so long as any such facts might have been introduced in evidence. It is not what was actually done but what might have been done that is concluded by a former judgment. (*Price* v. *Sixth District, supra.*)

As conclusive proof that the issue involved in the present action and determined in the former action is the same, we need but refer to the practical identity of two sets of allegations and quote here the prayer of the complaint before us and compare it with the prayer of the cross-complaint in the former action. The prayer of the complaint in the instant case is as follows:

"That said sale of said property under said Trust Deed be set aside and annulled. That the defendant be adjudged to be a Trustee of said property, and of the said crop growing and maturing thereon, holding the legal title thereto in trust for the plaintiffs herein. That the defendant be ordered and directed to reconvey the legal title to said property, and to account for the proceeds of said grape crop to the plaintiffs herein upon the payment by the plaintiffs to the defendant of the sum of Two Thousand Seven Hundred ($2,700.00) Dollars, together with interest thereon at the rate of seven per cent (7%) from the 25th day of April, 1921, together with such additional sum as will reimburse the defendant for the costs and expenses incurred by him in the sale of said property under the said Deed of Trust; and that in the failure of the defendant to make such reconveyance upon the payments described, the Clerk of the Court be authorized and directed to act as a commissioner for said purpose; and authorized and directed to execute a deed conveying said property to the plaintiffs herein. For the costs of suit herein, and for such other relief as may be equitable and just."

The prayer of the cross-complaint in said former action reads: "Wherefore, defendants demand judgment that said purported deed of trust be declared a mortgage. Second: That said sale of said property under said purported trust deed, which occurred on the 6th day of May, 1922, be set aside and annulled, and that plaintiff be instructed to reconvey the said premises to the defendants herein upon payment by defendants to plaintiff of the said Twenty-seven Hundred ($2700.00) Dollars, together with interest thereon, and the costs expended in said sale under said purported trust deed, and for such other relief as may be equitable, and for the costs of this action."

The contention of respondent that in the former action no effort was made to declare the present defendant an involuntary trustee is not borne out by the record, for that is the effect of the prayer in the first action.

This holding may entail unfortunate consequences upon plaintiffs in this action, but the stability of judgments establishing the rights of parties is of more importance than a single hardship. The judgment of the court below is reversed, with directions to dismiss the action.

Langdon, J., Richards, J., Seawell, J., Shenk, J., and Waste, C. J., concurred.

Curtis, J., being disqualified, did not participate.