[Sac. No. 4616. In Bank.—January 12, 1933.]

CHARLES J. ELM et al., Respondents, v. SACRAMENTO SUBURBAN FRUIT LANDS COMPANY (a Corporation) et al., Appellants.

Butler, Van Dyke, Desmond & Harris and Arthur C. Huston for Appellants.

Ralph H. Lewis and George E. McCutchen for Respondents.

PRESTON, J.—Appeal by defendants from judgment for plaintiffs in an action for specific performance of a contract to convey real property. Plaintiffs alleged that they had paid in full for said property and were entitled to a conveyance thereof from defendants. Defendants admitted the contract and part payment of the purchase price, but denied that the balance of said price, amounting to some $640, had been paid. Upon the trial plaintiffs introduced in evidence the entire transcript of the record in a prior action brought by them in the federal court against defendant lands company for damages for fraud and deceit in inducing said contract. Plaintiffs there claimed that said defendant falsely represented the land as rich, fertile, productive and adapted to the raising of fruit-trees; they further alleged that relying upon such false representations, they contracted to purchase the property for $2,750, and paid $2,110 on account of the purchase price; they also greatly improved the property and endeavored to grow fruit-trees thereon, but such effort was unsuccessful, due to the condition of the soil. The prayer of the complaint was for $9,000 damages and for other relief. Defendant in said prior action answered, but made no counter-demand for the balance due on the purchase price. The jury, being fully apprised in the premises, returned a verdict for plaintiffs in the sum of $1940; judgment was rendered accordingly and affirmed on appeal (*Sacramento Suburban Fruit Lands Co.* v. *Elm et al.*, 29 Fed. (2d) 233).

Upon the showing so made the court in this cause, as above stated, gave judgment for plaintiffs and defendants have appealed, urging that their claim to the balance of said purchase price was not waived by said prior adjudication.

With this contention we cannot agree. To this situation is clearly applicable the well-established rule that " . . . a judgment between the same parties is conclusive, not only as to the subject matter in controversy in the action upon which it is based, but also in all other actions involving the same question, and upon all matters involved

in the issues which might have been litigated and decided in the case, the presumption being that all such issues were met and decided. . . . '' (*Bingham* v. *Kearney,* 136 Cal. 175, 177 [68 Pac. 597].) See, also, *Price* v. *Sixth District,* 201 Cal. 502, 511 [258 Pac. 387, 391], where the court, citing 15 Ruling Case Law, section 446, pages 969, 970, says: "The judgment operates as *res judicata,* not only in regard to the existence of the plaintiff's cause of action, but as to the nonexistence of the defense which was not pleaded. . . . '' Further discussion is unnecessary.

The judgment is affirmed.

Tyler, J., *pro tem.,* Langdon, J., Curtis, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.