[Civ. No. 7810.   Second Appellate District, Division Two.—April 24, 1934.]

FRANK D. OLNEY et al., Appellants, v. R. W. CAVELL, Respondent.

John C. Miles for Appellants.

W. I. Gilbert for Respondent.

ARCHBALD, J., *pro tem.*—Action by plaintiffs to recover damages from defendant physician for alleged malpractice in treating a child of plaintiffs. Defendant denied all material allegations of the complaint except that of the death of such child, and set up as a bar to the action a judgment for $75 in his favor and against plaintiffs for the reasonable value of the services rendered by him in treating the child. Such judgment was entered on the verdict of a jury in the justice's court of Gardena township, and in their answer filed in said court plaintiffs here interposed the defense that said services were valueless in that the defendant herein did not exercise the degree of care, skill and intelligence required of physicians and surgeons in the locality in treating such cases. The foregoing facts were stipulated by the parties in the instant case, and it was further stipulated that the judgment rendered in said justice's court "does not on its face show that the question of whether or not Dr. Cavell had been guilty of negligence or carelessness, in treating Jeanne Olney, was litigated", but that "the reporter's transcript, pleadings and instructions to the jury do show that this question was presented to the court and jury". It was also stipulated that the question raised as to the bar of such judgment could be submitted to the court before impaneling a jury with the same effect as if said jury had been impaneled.

The trial court, on such stipulation, after hearing argument of counsel, adjudged that said justice's court judgment was a bar to the prosecution of the present action and gave judgment against plaintiffs. From such judgment the latter has appealed.

Appellants urge that, a justice court not being a court of record, it is impossible to tell what matters were actually litigated, and that it is easy to imagine a situation where a doctor might be guilty of negligence and yet be entitled to recover the reasonable value of his services. We are not interested in speculating on whether or not there could be such a case. The fact remains that in the case of the judgment urged here as a bar, the stipulation clearly shows that the alleged negligent treatment was set up as a defense and was actually presented for the decision of the jury. Whether it had been or not, in our opinion, it was necessarily involved.

A physician or surgeon taking charge of a case "impliedly represents that he possesses, and the law places upon him the duty of possessing, that reasonable degree of learning and skill that is ordinarily possessed by physicians and surgeons in the locality where he practices". (*Hesler* v. *California Hospital Co.*, 178 Cal. 764, 766 [174 Pac. 654].) If he does not possess such learning and skill, or if, possessing it, he fails to use it, he is guilty of malpractice; and in every action to recover for services rendered by a physician or surgeon in which either the lack of skill and learning are necessarily involved, it needs no argument to demonstrate that a physician or surgeon who does not show at the trial that he possesses such skill by proving that he is licensed to practice his profession, and at least by presumption that he used the same in performing the services rendered, would not be entitled to recover. In other words, in our opinion, such questions are actually and necessarily included in an adjudication of his right to recover even in a default case, and particularly so where, as here, an answer is filed which expressly raised an issue thereon, which was presented for decision as here shown.

This case seems to come squarely within the meaning of section 1911 of the Code of Civil Procedure. The same question between the same parties being necessarily involved in the present case, the former adjudication was conclusive "not only as to matters actually decided in the former controversy but as to all matters belonging to the subject of the controversy which also might have been raised and decided". (*Minnis* v. *Equitable Life Assur. Soc.*, 204 Cal. 180, 183 [267 Pac. 538]; *Estate of Bell*, 153 Cal. 331 [95

Pac. 372]; *Elm* v. *Sacramento Suburban Fruit Lands Co.,* 217 Cal. 223 [17 Pac. (2d) 1003].) "It is not what was actually done but what might have been done that is concluded by a former judgment." (*Henderson* v. *Miglietta,* 206 Cal. 125, 127 [273 Pac. 581].) See the case of *Bellinger* v. *Craigue,* 31 Barb. (N. Y.) 534, where the physician filed suit to recover for his services after issue joined in the malpractice case, and where the judgment in his favor was held to be a bar to the malpractice action, notwithstanding that defendant in the justice's court withdrew a defense similar to that interposed in the justice court action here.

Judgment affirmed.

Stephens, P. J., and Craig, J., concurred.