[Civ. No. 1481. Fourth Appellate District.—November 26, 1934.]

H. J. HARDY, Respondent, v. THOMAS ROSENTHAL, Appellant.

Joe Crider, Jr., and Forgy, Reinhaus & Forgy for Appellant.

Robert B. Burch and West & West for Respondent.

MARKS, J.—Plaintiff recovered judgment against defendant for damages resulting from a collision between a loaded gasoline truck and trailer, driven by Jessie W. Nicholson, an employee of plaintiff, and an automobile driven by defendant. ▮ The sole question to be decided here is whether a prior judgment in favor of the plaintiffs in an action brought by Emil Stoffel and Carnation Stoffel against Jessie W. Nicholson, H. J. Hardy and T. Rosenthal, is a bar to a recovery by the plaintiff in the instant case.

This case comes before us on the judgment roll, with the pleadings, verdict and judgment in the Stoffel case, which are exhibits in the instant case, included in the clerk's transcript. Whether these exhibits are properly before us might be questioned, but because they are fully summarized in the findings of fact this question is rendered unimportant.

The facts pertinent to this appeal may be stated as follows: At 8 o'clock in the morning, on December 11, 1932, Emil Adolph Stoffel and his family were in their home near San Juan Capistrano in Orange County. The house was situated on the west side of the main highway between Los Angeles and San Diego (U. S. Highway No. 101). Mr. Stoffel, his wife and family, including a two-weeks old baby, were inside the house when an automobile driven by defendant who, in attempting to pass a tank truck and trailer loaded with gasoline (owned by Hardy and driven by Nicholson), collided with the truck and trailer. As a result of the collision the automobile and the truck and trailer ran off the highway and into the house of Stoffel, striking it with such force that it was thrown from its foundation. It immediately caught fire and was burned. Stoffel received personal injuries, his two-weeks old baby was killed, Hardy's truck and trailer were demolished and burned, and Rosenthal's car seriously damaged. Stoffel and his wife filed suit against Hardy, Nicholson and Rosenthal, charging that their

damages were caused through the joint negligence of Hardy, acting through his employee Nicholson, and of Rosenthal. They recovered judgment against the three defendants. Counsel are in agreement that this judgment was paid by Hardy and Rosenthal.

Defendant maintains that as the jury in the Stoffel case necessarily found that Hardy, acting through his employee, and Rosenthal were both guilty of negligence which caused the injuries to the Stoffels, the trial judge was precluded from finding Hardy, acting through his employee, free from contributory negligence in the instant case. He cites the following cases in support of this contention: *Southern California Ry. Co.* v. *Workman,* 146 Cal. 80 [79 Pac. 586, 82 Pac. 79, 2 Ann. Cas. 583], *Fox* v. *Workman,* 155 Cal. 201 [100 Pac. 246], *Bingham* v. *Kearney,* 136 Cal. 175 [68 Pac. 597], *Horton* v. *Goodenough,* 184 Cal. 451 [194 Pac. 34], *Estate of Clark,* 190 Cal. 354 [212 Pac. 622], *Martin* v. *Holm,* 197 Cal. 733 [242 Pac. 718], *Todhunter* v. *Smith,* 219 Cal. 690 [28 Pac. (2d) 916], and *Olney* v. *Cavell,* 138 Cal. App. 233 [32 Pac. (2d) 181].

In *Estate of Clark, supra,* we find the following: A "judgment is binding not only in proceedings upon the same, but also upon a different cause of action in so far as it settles and determines questions of fact. (23 Cyc. 1288–1290.) It is well settled that a judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties or their privies whenever the existence of that fact is again in issue between them, not only when the subject-matter is the same, but when the point comes *incidentally* in question in relation to a *different* matter in the same or any other court. (Freeman on Judgments, secs. 249 and 253; *Lamb* v. *Wahlenmaier,* 144 Cal. 91 [103 Am. St. Rep. 66, 77 Pac. 765]; *Reed* v. *Cross,* 116 Cal. 473, 484 [48 Pac. 491]; *Atchison, T. & S. F. Ry.* v. *Nelson,* 220 Fed. 53 [135 C. C. A. 621].) That is to say, 'a matter of fact once adjudicated by a court of competent jurisdiction, concurrent or exclusive, may be relied upon as an estoppel in any subsequent collateral suit in the same or any other court, at law, in chancery, in probate or in admiralty, when either party, or the privies of either party, allege anything inconsistent with it, and this too whether the subsequent suit is upon the same

or different cause of action. The facts decided in the first suit cannot be disputed.' (Bigelow on Estoppel, pp. 110, 111, 112; *Rauer* v. *Rynd,* 27 Cal. App. 556 [150 Pac. 780].)''

In *Olney* v. *Cavell, supra,* the court said: ''This case seems to come squarely within the meaning of section 1911 of the Code of Civil Procedure. The same question between the same parties being necessarily involved in the present case, the former adjudication was conclusive 'not only as to matters actually decided in the former controversy but as to all matters belonging to the subject of the controversy which also might have been raised and decided'. (*Minnis* v. *Equitable Life Assur. Soc.,* 204 Cal. 180, 183 [267 Pac. 538]; *Estate of Bell,* 153 Cal. 331 [95 Pac. 372]; *Elm* v. *Sacramento Suburban Fruit Lands Co.,* 217 Cal. 223 [17 Pac. (2d) 1003].) 'It is not what was actually done but what might have been done that is concluded by a former judgment.' (*Henderson* v. *Miglietta,* 206 Cal. 125, 127. [273 Pac. 581, 582].)'' These rules are generally but not always subject to the condition that the parties to the second action must have been adversaries in the first litigation.

It is apparent that to constitute a judgment in one case a bar to the prosecution of a second action, there must have been an identity of a question litigated in the two cases which would form the basis of a recovery in the second case. Such identity is entirely lacking in the two cases we are considering. In the instant case the material questions, other than the measure of damages, are: 1. Was Rosenthal guilty of negligence that proximately caused the damage to Hardy? 2. Was the truck driver guilty of contributory negligence? The collision between the two vehicles occurred in the public highway and the questions of negligence and contributory negligence might well have been determined by the actions of the two drivers up to the moment their vehicles came together. The Stoffels were in their home which was off from and to the west of the highway. After the collision the truck and automobile veered off the highway and crashed into the Stoffel house. In that case the jury might have concluded that after the collision of the vehicles in the highway and before the truck struck the house, the truck driver did something which a reasonably prudent person would not have done, or failed to do something which a

reasonably prudent person would have done, and by such negligence permitted the truck to crash into the house. What the truck driver did, or failed to do, after the collision of the vehicles in the road might have constituted negligence that would support a recovery in the Stoffel case and in no manner have contributed to the actual collision.

■ A further reason for concluding that the judgment in the Stoffel case could not estop the plaintiff from recovering in the instant case is found in the following quotation from *Victor Oil Co.* v. *Drum,* 184 Cal. 226, at page 239 [193 Pac. 243], where it was said: "The defendants also contend that the court erred in refusing them leave to file a supplemental answer pleading a judgment against the plaintiff and Drum in an action by the Hamilton Company, wherein a number of the questions of fact involved here were, according to defendants' contention, determined adversely to the plaintiff. The only object of the supplemental answer was to set up the judgment by way of estoppel. The refusal of the court to permit this was correct, since the judgment would not have so operated. It would not so operate because it was not between the parties to this litigation. It is true that both Drum and the plaintiff were parties defendant in the action in which the judgment was rendered, but the judgment was not between them, but between them on the one side and the plaintiff in that action on the other. A judgment may operate as an estoppel between parties to it only when they are adverse parties, so that the judgment is a determination of issues between them. (Code Civ. Proc., sec. 1910; 23 Cyc. 1237.)"

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 24, 1935.

Thompson, J., voted for a hearing.