[Civ. No. 3408.   Fourth Dist.   May 9, 1946.]

E. C. DENIO et al., Respondents, v. THE CITY OF HUNTINGTON BEACH, Appellant.

Drumm & Drumm, Ray H. Overacker and Schell & Delamer for Appellant.

Forgy, Reinhaus & Forgy for Respondents.

BARNARD, P. J.—The defendant appeals from a judgment awarding the plaintiffs $19,718.83 as attorney fees under a contract of employment calling for the payment of percentages of certain royalties received by the defendant.

This action involves the same contract and the same general facts as those in *Denio* v. *City of Huntington Beach,* 22 Cal. 2d 580 [140 P.2d 392, 149 A.L.R. 320]. The facts are rather fully stated in the opinion in that case and need not be repeated here. It was there held that the contract of employment was valid and binding upon the defendant city, that the plaintiffs were wrongfully discharged by the defendant, that payments made to the city under a certain other contract are royalty payments within the meaning of the contract of employment, and that the plaintiffs are entitled to recover the compensation specified in the contract of employment.

This second action covers the plaintiffs' claim, under the same contract of employment, to percentages of such royalty payments subsequently received by the city. The complaint alleged the facts upon which the first action was based; alleged the receipt by the defendant of certain sums as royalties from the Southwest Exploration Company since June, 1939, the date the former action was filed; alleged the facts in connection with the former action leading to a final judgment therein; and alleged that the judgment in the former action was final and conclusive of the rights of the parties to this action. There was a second count for money had and received in the same sum as that set forth in the first cause of action. The answer of the defendant set up the same defenses as those pleaded in the first cause of action and, in addition, set up a number of new defenses.

At the trial, by stipulation of the parties, the court first considered the issues with regard to res judicata and estoppel by judgment. Pursuant to its findings on these issues the court declined to receive further evidence except with respect to the plaintiffs' readiness, willingness and ability to perform and the amounts received by the defendant from the Southwest Exploration Company subsequent to the institution of the former action. Briefly stated, the court found that the judgment in the preceding action is an existing final judgment rendered on the merits without fraud or collusion and is conclusive of the rights, facts and issues involved in this action; that in the former action between the same parties the question of the validity of this employment contract, its enforceability against the defendant and the right of the plaintiffs to recover under said contract a percentage of the payments received by the defendant from the Southwest Exploration Company were all directly at issue and were actually raised and determined in favor of the plaintiffs; that a number of other matters, which need not be here set forth, were actually raised and determined in the former action; that all other issues raised by the answer in this action were within the scope of the former action, were relative to the subject thereof and relevant to the issues therein, were available and could have been raised and determined in the former action; and that the judgment in the former action is res judicata and conclusive of the defendant in this action and the defendant is estopped from raising the matters of defense alleged in its answer.

The new issues sought to be raised by the defendant in this action were that there was a frustration of the object of the contract of employment; that the contract of employment was ultra vires in certain respects; that there was a failure of consideration; that the contract was induced by fraud in that it was represented that extensive litigation would be necessary; that compensation for services performed is tantamount to a gift; and that exemplary damages may not be awarded against a municipality.

The question here presented is as to the effect of the judgment in the former action. While the respondents contend that said judgment is conclusive as to their right to the full percentage of all moneys received by the appellant from the Southwest Exploration Company in accordance with the terms of the contract of employment, the appellant contends that said judgment constitutes an estoppel against any further claim on the part of the respondents; that if said judgment does not constitute an estoppel in favor of the appellant it does not constitute res judicata at all, either by way of bar or estoppel; that if said judgment does constitute res judicata by way of an estoppel in favor of the respondents this estoppel extends only to those matters which were necessarily in issue and litigated in the former case; and that, in any event, a judgment cannot constitute res judicata where the giving of such an effect to it would be in violation of a constitutional provision.

In support of its contention that the former judgment estops the respondents from claiming any further payments under the contract of employment, the appellant argues that it was thereby determined that the respondents were entitled to the reasonable value of their services and to nothing more. This is based on the fact that the percentage due to the plaintiffs in the former action, as provided in the contract of employment, would have amounted to $2,794.09, whereas the amount awarded by the jury in that action was only $2,000. It is argued that it follows that the contract of employment was not upheld in that action and that the judgment therein could have been sustained only on the theory that the $2,000 awarded by the jury, together with the cash retainer previously received by the respondents, was fixed as the reasonable value of the services performed by the respondents up to the time they were discharged by the

appellant. The pleadings, evidence and instructions in the former action, which are in evidence here, conclusively show that that action was not tried or decided on the issue of the reasonable value of the respondents' services. This is confirmed by the interpretation placed upon the entire matter by the Supreme Court in its decision on the former appeal. While the two dissenting opinions express the opinion that that action should have been tried on the issue of the reasonable value of the respondents' services the main opinion is to the contrary, and is to the effect that the respondents are entitled to recover on the issues as to the validity and binding effect of the contract of employment, even though the jury awarded a sum which was less than that which might have been awarded, and that the verdict was sustained by the implied finding that the money in question was received by way of compromise of the city's claim for royalties. We must hold, therefore, that no estoppel appears in this connection in favor of the appellant.

This disposes of the appellant's contentions to the effect that there was nothing in the former judgment, or in the opinion of the Supreme Court on the appeal therefrom, which discloses or determines that the question of the validity and the binding effect of this contract of employment was litigated in the former action, or that the judgment in the former action could be res judicata in any manner, either by way of bar or estoppel. This brings us to the appellant's further contention that, in any event, any estoppel in favor of these respondents arising from the former judgment extends only to such matters as were necessarily in issue and actually litigated in the former action and cannot apply to the new issues, notably frustration and fraud, which the appellant here sought to raise.

Both parties rely largely upon the same authorities on the general question as to the effect of a prior judgment upon a subsequent action between the same parties and to a large extent involving the same facts. (*Price* v. *Sixth District Agricultural Assn.*, 201 Cal. 502 [258 P. 387]; *Todhunter* v. *Smith*, 219 Cal. 690 [28 P.2d 916]; *English* v. *English*, 9 Cal. 2d 358 [70 P.2d 625, 128 A.L.R. 467]; *Sutphin* v. *Speik*, 15 Cal.2d 195 [99 P.2d 652, 101 P.2d 497]; *Sanderson* v. *Niemann*, 17 Cal.2d 563 [110 P.2d 1025]; *Stark* v. *Coker*, 20 Cal.2d 839 [129 P.2d 390]; *Panos* v. *Great Western Packing Co.*, 21 Cal.2d 636 [134 P.2d 242]; *DeHart* v. *Allen*, 26 Cal.

2d 829 [161 P.2d 453]; *Ball* v. *Stephens,* 68 Cal.App.2d 843 [158 P.2d 207].) The appellant summarizes the general rules laid down by these cases as follows:

"1. In so far as the latter suit involves the same cause of action as the former, the judgment in that former constitutes a *bar* and is decisive in the second suit as to all matters which either were or might have been placed in issue in the former action.

"2. In so far as the latter suit involves a different cause of action from the former, the judgment therein does not constitute a *bar* but does operate as an *estoppel.* This estoppel is, however, limited to such matters as were in issue and actually or necessarily determined in the former action."

The appellant also says:

"The true test is not whether the two suits are on the same cause of action, but whether they *involve* the same cause of action, that is, the same obligation already judicially determined, *Horton* v. *Goodenough,* 184 Cal. 451, 460 [194 P. 34].

"In so far as they do so, that judgment is a complete bar to further litigation. In so far as they do not, that judgment is a mere *estoppel* as to matters actually or necessarily determined in rendering that judgment."

The appellant's main argument is based upon the contention that the instant action is one upon an entirely different cause of action from that involved in the prior action. It is further argued, however, that a careful study of the cases which have passed upon the effect of a judgment in a prior action, those above cited and others, will disclose that a distinction is made between cases which are quasi in rem, and which involve some right or interest in particular property, and actions in personam, in which only a money judgment is sought. It is argued that two simple and practical rules thus appear: first, that where the former action was in rem or quasi in rem, where it sought to establish a status, title or property right, it constitutes a complete bar to the relitigation of that status, title or property right; and second, that where the former action was in personam it merely constitutes an estoppel as to matters which were actually or necessarily in issue and determined in the former action. The distinction thus attempted to be read into the cases is more ingenious than convincing. Not only do some of the decided cases fail to fit into this pattern, but no sound reason appears for measuring the effect of a

judgment by whether the form of the particular action happens to be in rem or in personam. These questions of status, title or property rights may frequently be involved in actions in which only a money judgment is sought. As an illustration in this connection the appellant argues that the decision in *Price* v. *Sixth District Agricultural Assn.*, 201 Cal. 502 [258 P. 387] was correct because the first action there involved was one quasi in rem and that a different judgment in the second action would have destroyed the right of the county and city to enter into a contract when the judgment in the first case specifically declared that they had such right. It may be observed that a similar situation appears in the case now before us. It would be inconsistent in this case to admit evidence and to permit a decision which would have the effect of destroying a contract for compensation, the validity and binding effect of which, and the right to recover compensation under which, was specifically upheld in the former action. Incidentally, the appellant's answer in this case alleges that the compensation contract in question ''purports to grant and convey to plaintiffs an interest in, or a portion of, beach frontage within the city.''

■ Nor do we think the cause of action herein is so essentially different, in a sense material here, from that set forth in the former action as to avoid the effect of the usual rule against the splitting of defenses. As was said in *Panos* v. *Great Western Packing Co.*, 21 Cal.2d 636 [134 P.2d 242] : ''The cause of action is simply the obligation sought to be enforced.'' In a very real sense this action involves the same obligation which was litigated in the former action. The obligation sought to be enforced in this action, as well as in the former action, is that of the contract for compensation for legal services. If that contract is valid and enforceable to the extent of requiring the payment of a percentage of moneys received from a certain source for a certain period, it would be entirely inconsistent to hold that a judgment upholding that contract for a part of the period provided for had no binding effect on the claim for compensation for the remainder of the period covered by the contract. The validity and binding effect of the contract for services was the basic issue in the former action and is the basic issue in the present issue. In *Sutphin* v. *Speik*, 15 Cal.2d 195 [99 P.2d 652, 101 P.2d 497], the validity of an assignment was the basic issue in a former action. It was also the basic issue in the case cited

although somewhat different facts were involved. In holding that the judgment in the first action was res judicata the court said: "After that judgment became final, plaintiff's right to a portion of the production from those wells was conclusive as between the parties, even in the present suit on a different cause of action, because the basic issue thus decided in the first case is identical with that in the present case." In *DeHart* v. *Allen,* 26 Cal.2d 829 [161 P.2d 453], a judgment in a former action was held res judicata since issues as to the validity and binding effect of a certain lease either were raised or could have been raised in the prior action.

Moreover, facts were settled in the former action, which was between the same parties, which are controlling here, namely the execution, validity and binding effect of the contract for services between these parties. The validity and binding effect of that contract was actually litigated and determined in the former action. As was said in *Estate of Clark,* 190 Cal. 354 [212 P. 622], a "judgment is binding not only in proceedings upon the same but also upon a different cause of action in so far as it settles and determines questions of fact. (23 Cyc., 1288-1290.) It is well settled that a judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties or their privies whenever the existence of that fact is again in issue between them, not only when the subject-matter is the same, but when the point comes *incidentally* in question in relation to a *different* matter in the same or any other court. (Freeman on Judgments, secs. 249 and 253; *Lamb* v. *Wahlenmaier,* 144 Cal. 91 [103 Am.St.Rep. 66, 77 P. 765]; *Reed* v. *Cross,* 116 Cal. 473, 484 [48 P. 491; *Atchison T. & S. F. Ry.* v. *Nelson,* 220 F. 53 [135 C.C.A. 621].) That is to say, 'a matter of fact once adjudicated by a court of competent jurisdiction, concurrent or exclusive, may be relied upon as an estoppel in any subsequent collateral suit in the same or any other court, at law, in chancery, in probate or in admiralty, when either party, or the privies of either party, allege anything inconsistent with it, and this too whether the subsequent suit is upon the same or a different cause of action. The facts decided in the first suit cannot be disputed.' (Bigelow on Estoppel, pp. 110, 111, 112; *Rauer* v. *Rynd,* 27 Cal.App. 556 [150 P. 780].)'' And in *Olney* v. *Cavell,* 138 Cal.App. 233 [32 P.2d 181], the court said:

"This case seems to come squarely within the meaning of section 1911 of the Code of Civil Procedure. The same ques-

tion between the same parties being necessarily involved in the present case, the former adjudication was conclusive 'not only as to matters actually decided in the former controversy but as to all matters belonging to the subject of the controversy which also might have been raised and decided.' (*Minnis* v. *Equitable Life Assur. Soc.*, 204 Cal. 180, 183 [267 P. 538]; *Estate of Bell*, 153 Cal. 331 [95 P. 372]; *Elm* v. *Sacramento Suburban Fruit Lands Co.*, 217 Cal. 223 [17 P.2d 1003].) 'It is not what was actually done but what might have been done that is concluded by a former judgment.' (*Henderson* v. *Miglietta*, 206 Cal. 125, 127 [273 P. 581])."

The basic facts and the existence of the obligation here sued upon have been judicially determined and the final judgment in the former action is controlling here. A contrary decision here would have destroyed the rights of the respondents in a contract, the validity and binding effect of which was upheld in the former action.

Some contention is made that constitutional questions were raised in this action which were not raised or considered in the former action, in that it was here attempted to raise the issue that compensation for services not actually performed is tantamount to a gift and that exemplary damages may not be awarded against a municipality. Not only could these questions have been raised in the former action (*Andrews* v. *Reidy*, 7 Cal.2d 366 [60 P.2d 832]), but in view of the judicial determination that this was an enforceable contract for compensation for services no question of gift or exemplary damages is here involved.

For the reasons given the judgment is affirmed.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing was denied May 27, 1946, and appellant's petition for a hearing by the Supreme Court was denied July 2, 1946.