[L. A. No. 2894.  Department Two.—August 27, 1912.]

## GEORGE H. WALKER, Respondent, v. W. R. PRICE, Appellant.

CONTRACT—REPUDIATION OF ENTIRE CONTRACT BY PROMISSOR—PART PERFORMANCE BY PROMISSEE—QUANTUM MERUIT FOR SERVICES PERFORMED.—Upon the breach and repudiation by the defendant before complete performance by the plaintiff of an entire contract, by the terms of which the plaintiff was to sell a specified number of shares in a corporation in consideration of which the defendant agreed that certain benefits and advantages should be received by the plaintiff, the latter may maintain an action in *quantum meruit*, for the value of his services performed under the contract.

ID.—ELECTION OF REMEDIES UPON BREACH OF CONTRACT.—Where one party to a contract repudiates it or prevents the other party from fully performing it according to its terms, the latter may treat the contract as broken and at an end, and at his election sue either for damages consequent on its breach or for the value of his services performed under it up to the time of the breach as upon a *quantum meruit*.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial.   Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

Hatch & Lloyd, and Paul W. Schenck, for Appellant.

F. A. Knight, for Respondent.

LORIGAN, J.—This action (an amendment to the complaint having been allowed by the court at the close of the evidence in the case) was brought by plaintiff under the common count of *quantum meruit* to recover from defendant the sum of $5,109, the alleged reasonable value of services performed by him at the request of defendant in selling fifteen thousand shares of the capital stock of the National Gold Dredging Company.  The answer denied all the allegations of the complaint, which were only such as are usual in charging on this common count.

Plaintiff had judgment for $3,750, and defendant appeals therefrom and from an order denying his motion for a new trial.

There is only one point in this appeal that merits any consideration. The evidence on the part of plaintiff was that about January 28, 1908, a verbal agreement, which was to be thereafter reduced to writing and executed by defendant, was made between plaintiff and defendant who was president and treasurer of the above named corporation, whereby plaintiff should immediately undertake and effect the sale of twenty thousand shares of the capital stock of the corporation at one dollar per share, and in consideration thereof plaintiff should receive for every two shares of said stock sold by him one share of the stock of said company for himself and be made vice-president of the corporation and general manager thereof at a salary of three hundred dollars per month; that on making this verbal arrangement plaintiff was directed by defendant to proceed forthwith and as rapidly as possible to effect a sale of the stock, as the company was in immediate need of funds, defendant assuring him that a written contract, as agreed, embodying the above terms, would be prepared by him and executed; that plaintiff at once proceeded to sell said stock, and by March 1, 1908, had made various sales thereof at the stipulated price of one dollar per share, turning over to defendant the proceeds thereof; that while making such sales he frequently requested the defendant to deliver to him the written contract agreed on between them, but on different pretexts the defendant postponed doing so; that he made sale of fifteen thousand shares of the stock, and at the time he turned over the last amount of money for the sale thereof— about March 1, 1908—he again requested that such written contract be delivered to him; that defendant then, for the first time, denied that he had agreed to give plaintiff a written contract or had made any such arrangement with him as plaintiff claimed, or that he had at all arranged with plaintiff to sell said stock, but asserted that any arrangement respecting the sale thereof was made between plaintiff and one Dubois, and thereupon directed plaintiff to make no further contracts for the sale of, or sell, the rest of the twenty thousand shares; that plaintiff did not, and thereupon commenced this action.

On the part of defendant evidence was introduced tending to show that the arrangement respecting these twenty thousand shares of stock was between plaintiff and one Dubois who was one of the original promoters of the corporation and owner with defendant and one other person of all the issued capital stock of the corporation, and patentee of the gold dredging machine to be operated by the company; that under their arrangement plaintiff was to purchase said twenty thousand shares of corporate stock at one dollar per share, or place it among his friends where he could control it, and that if he did so he was to be elected a director of the company and its vice-president and have a position as business manager at the dredging plant; that no arrangement or agreement of any kind was made to pay any commissions to plaintiff nor any agreement made as to his salary as business manager; that this was the sole arrangement under which the delivery of the stock to defendant was made and payments received, and there was no agreement by any one connected with the transaction that plaintiff should have a written contract.

While the matter of the contract is in dispute, there can be no question under the evidence but that plaintiff made sale of the fifteen thousand shares of stock and turned the money over to defendant, and that a reasonable compensation or commission for making such a sale in the absence of any specific contract on the subject was the amount as found by the court. While the defendant attacks the findings— which follow the allegations of the complaint except as to the amount claimed as compensation for making the sale—on the ground that they are not sustained by the evidence, it is unnecessary to discuss this point. It is mainly directed to the terms of the special contract asserted by the parties, but as the evidence was in substantial conflict on that subject we cannot disturb the conclusion of the court which was necessarily in favor of the claim of plaintiff and sustaining his right to recover upon a *quantum meruit* for its breach.

The main claim of appellant is, however, that conceding that the claim of the plaintiff as to what the contract between the parties was is true, it does not support his right to recover in this character of action; but that under the contract, as he claims it was made, his sole remedy for its breach by de-

fendant was an action for damages and not on *quantum meruit*.

But this claim is without merit under the evidence and findings of the court. The agreement between the plaintiff and defendant was an entire contract. Under it plaintiff was to sell twenty thousand shares of the capital stock in consideration of which defendant agreed that certain benefits and advantages should be received by plaintiff, and as an essential part of the arrangement defendant was to execute a written agreement with plaintiff embodying such terms. Under the assurance that such written agreement would be executed by defendant and carried out on his part plaintiff entered upon the fulfillment of his part of the contract and when it had been partially performed by him through the sale of fifteen thousand of the twenty thousand shares, defendant refused to execute the contract, denied its terms, and repudiated it and refused to permit plaintiff further to proceed with carrying it out by a sale of the remainder of the stock.

It is well settled that where one party to a contract repudiates it or prevents the other party from fully performing it according to its terms the latter may treat the contract as broken and at an end, and at his election sue either for damages consequent on its breach or for the value of his services performed under it up to the time of the breach as upon a *quantum meruit.* Plaintiff elected to adopt this latter course, and under the evidence was fully warranted in doing so.

Other points are made by appellant but in our opinion they are without any merit and need no mention or discussion.

The judgment and order appealed from are affirmed.

Melvin, J., and Henshaw, J., concurred.